Guy W. Winn, of Clayton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

(125 So. 201)

## COGGINS v. STATE. (4 Div. 406.)

Court of Appeals of Alabama. Dec. 17, 1929.

BRICKEN, P. J. ■ The indictment against this appellant, and upon which he was tried and convicted, was for the offense denounced by section 4158 of the Code 1923: it charged that he, "with intent to defraud, did make or utter a check or draft upon the Barbour County Bank of Louisville, Alabama, a corporation, for the sum of sixty-five dollars payable to the Burch Motor Company, a partnership composed of W. C. Adams and J. S. Burch, said check or draft being dated November 23, 1926, the said Ben Coggins knowing at the time of making or uttering, that he had no funds or insufficient funds in said bank with which to pay the same," etc. This indictment substantially follows the wording of the statute and was sufficient in form and substance.

■ The gravaman of the offense charged is the "intent to defraud," and this material inquiry must be determined by the jury from all the evidence adduced upon the trial and submitted to them for consideration.

■■ In the instant case there was some evidence which tended to establish the charge against this appellant, rendering inapt the affirmative charge in his behalf. The insistence of appellant that he was entitled to this charge cannot be sustained. We are of the opinion, however, that upon the showing and evidence adduced upon the motion for a new trial, coupled with that taken upon the main trial, the court should have granted defendant's motion for a new trial. If, as a matter of fact, the check in question was obtained by Adams from the defendant in the manner and under the terms, conditions, and circumstances detailed by defendant, and on the motion. by witness Medley, this, with the other corroborative evidence, would tend to establish the material fact that the check was not given "with intent to defraud," hence the offense complained of would not be made out. Under the conditions shown, upon the motion for a new trial, we think the defendant should have been allowed the right to submit to the jury, for its consideration, the newly discovered evidence, as its tendency clearly rebut-

ted the insistence that in giving the check the accused did so with intent to defraud.

For the error in overruling the motion for a new trial the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.