**PHILLIPS v. STATE.**

8 Div. 319.

Court of Appeals of Alabama.

Aug. 4, 1931.

John E. McEachin, of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

By the amendatory act approved August 20, 1927, Acts of Alabama 1927, p. 286, it is made unlawful for any person who, with intent to defraud, shall make or utter a check or draft upon any bank, knowing at the time that he has no funds or insufficient funds in such bank with which to pay the same. This offense is a misdemeanor, and upon conviction the accused shall be fined not more than $1,000, and may also be sentenced to hard labor for the county for not longer than six months.

By the same amendatory act, section 4159 of the Code 1923 is amended, and, as now constituted, provides: "Any person who acting for himself or another with intent to defraud shall make or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depository knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft or order, although no express representation is made in reference thereto and shall obtain therefor any money, merchandise, property, services or other thing of value, shall be guilty of a misdemeanor and upon conviction shall be fined not more than One Thousand ($1,000.-00) Dollars and may also be sentenced to hard labor for the county for not longer than six months."

In the case at bar it is shown, without dispute that this appellant was indebted to one Mrs. Alleen Riggins, the alleged injured party, in the sum of $35 for certain services she had formerly rendered for him in selling certain advertisements. In this connection Mrs. Riggins testified: "The defendant Phillips just paid me what he owed me with the check. I had earned $35.00 selling advertisements and he paid me with this check." The check in question was on the Morgan County National Bank of Decatur, Ala., and was not paid.

The accused admitted giving the check, and in this connection availed himself of the statutory right (Code 1923, § 4160, as amended by Acts 1927, p. 287) which provides: "Upon the trial of any person charged with violating the preceding sections [the sections hereinabove quoted] the defendant shall be a competent witness to testify to his circumstances or intent when he drew the check, draft or order." As to this he testified: "At the time I gave Mrs. Riggins this check, I did not intend to defraud her out of anything. I had this account with the Morgan County Bank, and had given checks on it. I think I had one check turned down for the lack of $.25 being enough to pay an $85.00 check. This was about a month and a half before I gave Mrs. Riggins this check. I did not intend to defraud Mrs. Riggins out of any money. I gave this check to pay her on advertising work she had done for my Company. * * * I thought the check was good when I gave it to her and thought it would be paid." The defendant also testified: "I thought the money was there. I knew on September 1st, we had $144.00 in the Bank, and I hadn't checked any of the money out." This evidence of the accused was without dispute, and there was no effort upon the part of the state to controvert the testimony of the defendant on this point. It is insisted by appellant that under this state of the evidence the court erred to a reversal in overruling his motion for a new trial. From the view we take of this case this question may be pretermitted; for in our opinion the controlling point in this case is the question whether under the undisputed evidence, can the conviction of appellant be permitted to stand? The gravamen of the offense is the intent to defraud, and, to constitute the offense denounced by the statute, the use of the check must cause the party who claimed to be defrauded thereby to part with something of value. All authorities are clear as to this. Eaton v. State, 16 Ala. App. 405, 78 So. 321; Addington v. State, 16 Ala. App. 10, 74 So. 846; Hotel Supply Co. v. Reid,

16 Ala. App. 563, 80 So. 137; Goolsby v. State, 20 Ala. App. 654, 104 So. 906; Coggins v. State, 23 Ala. App. 332, 125 So. 201.

It affirmatively appears, we think, from all the evidence, that the alleged injured party, as a matter of law, has not been, nor could not have been, defrauded in the transaction complained of. The check in question was admittedly given for a past-due debt. The nonpayment of the check did not impair the existing obligation due to her by appellant. As insisted by appellant: "Mrs. Riggins was not deprived of any right she had against the defendant by the acceptance of the check. She could have sued the defendant immediately upon non-payment of the check on the debt for which the check was given, and she could have recovered and the defendant could not have defeated the suit, because he had given the check. She likewise could have sued and recovered on the check. She did not part with anything and she did not lose any right she had by taking the check."

This case was tried by the court without a jury. Upon the trial, under the undisputed evidence, this appellant as a matter of law should have been discharged. The judgment of conviction rendered in this case was erroneous and necessitates a reversal. Under the provisions of section 9502 of the Code 1923, an order is here entered discharging this appellant from further custody in this proceeding.

Reversed and rendered.