## THE STATE OF NEW JERSEY v. FRANK GOERDES, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 20, 1957.

*Mr. Guy W. Calissi,* Prosecutor, attorney for the State of New Jersey (*Mr. Thomas O'Brien,* appearing).

*Mr. Morris Dobrin,* attorney for the defendant.

SCHNEIDER, J. C. C. (temporarily assigned). The defendant was indicted for a violation of *N. J. S.* 2A:111–15, for the issuance of a check to one Karl Buss, which check was not paid. The defendant waived a jury trial.

The defendant was in the contracting business and was doing an alteration job for one Otto Heller. He engaged Karl Buss to do plumbing work for the sum of $666 on a verbal agreement, with one-half to be paid on completion of "roughing" and inspection and the balance on completion of job. The first payment was not made and Karl Buss completed the work.

Defendant admits he issued the check on November 15, 1956 and delivered it the same day to Karl Buss. The State proved that the check was drawn on an account in the Fair Lawn Radburn Trust Company, which account had been closed by the bank on August 5, 1956, some three months before the issuance of the check. The representative of the bank testified it was closed because all the money had been withdrawn. The defendant contends he did not know the account was closed but admits he knew there was no money in the account and there had been none in the account for at least three months.

Defendant has two defenses. One is that at the time of the issuance of the check, he informed the payee that he was in financial difficulties and asked him to hold the check for a day of so, and Buss said "O.K." Mr. Buss denies this conversation and the evidence shows he never told him when to deposit it. Buss deposited it the same day he received it, but the defendant admits he never inquired of Buss why he deposited it.

The court does not believe the conversation ever took place and finds no merit in this defense.

The other defense of the defendant is that the check was given for a past consideration and therefore no conviction may be had by reason of the decision of *State v. Riccardo,* 32 *N. J. Super.* 89 (*App. Div.* 1954).

The defendant testified that Buss completed the work on the job the night of November 14, 1956, and that he gave

him the check on the morning of the 15th. Buss testified the work was completed the afternoon of the 15th and the check delivered that morning. The owner of the house testified that the work was completed on the 14th and he moved in on the 17th. There was a leak a few days later (November 21) which Mr. Buss' employee repaired.

Time sheets were introduced with two slips showing working men's time on November 14 with none for the 15th. Buss contends that one was for the 15th but labeled the 14th by mistake.

The defendant filed a bankruptcy petition a short time after the issuance of the check.

I find that under our standards of proof in criminal cases that there is no adequate proof of any work on the 15th and that it would appear from the proofs that the work was completed on the 14th and the check delivered on the 15th.

We thus have a situation where a check was issued and delivered on the same day, with full knowledge that there were no funds or deposit to pay the check and a contention that this is not a violation of the Statute because the check was in payment of a past consideration, even though the past was only a few hours before.

In the *Riccardo* case the defendant was convicted on a similar charge. The check was dated December 4, 1953 but was given in payment for a shipment of goods made by the payee on July 6, 1953.

The court held that "In each case, in spite of the statutory presumption, the burden is upon the State to prove beyond a reasonable doubt that the defendant entertained a criminal intent to defraud." 32 *N. J. Super.* at *page* 94:

"Oddly enough, the precise question here presented does not seem to have been considered by our appellate courts, but there is a wealth of authority in other jurisdictions which have statutes similar to that in New Jersey, holding in effect that while the mere fact that a check is given for a past consideration does not *ipso facto* negative the element of fraud, it is a controlling circumstance when no other element of fraud exists. * * * One of the typical instances in which the giving of a check for a past consideration

might be tainted with an intent to defraud is where the maker of the check obtains an extension of credit or relief from threatened legal action."

We thus have a situation where a case is quoted as the basis for a supposed rule of law which actually does not exist as a rule of law, i. e., that a check given for a past consideration does not render criminal liability. All that this case proves is that the jury or judge in the absence of a jury must find in each particular case that there was proved an intent to defraud, which may be found from the facts and circumstances of each particular case.

Whether the facts in this particular case show an intent to defraud is the task of the court, not a technical finding of present or past consideration. The fact that only a few hours elapsed from the finish of the work to the giving of the check, the fact that the check was given with full knowledge that there was no money in the bank nor that there had been any for some months, the fact that by the giving of the check a certain amount of time was gained and a petition in bankruptcy filed shortly thereafter, are all to be taken into account in determining criminal intent, and the task is not to determine whether there was a time lapse between the finish of the work and the giving of the check.

The *Riccardo* case, above, pointed out that some states, such as Kansas, do not require proof of intent to defraud in this type of case:

" 'The purpose of the statute was to discourage overdrafts and resulting bad banking (*Saylors v. State Bank of Allen*, 99 *Kan.* 515, 518, 163 *P.* 454) to stop the practice of "check kiting," and generally to avert the mischief of trade, commerce and banking which the circulation of worthless checks inflicts.' *State v. Avery*, 111 *Kan.* 588, 207 *P.* 838, 839, 23 *A. L. R.* 453, at *page* 456 (*Sup. Ct.* 1922)."

This points up the need for this type of legislation. In addition the State of New Jersey requires proof of intent to defraud but by *N. J. S.* 2*A*:111–16 permits proof of

making and delivery of a check to be *prima facie* evidence of intent to defraud.

A distinction is to be drawn between this type of case and the post-dated check, as decided in *State v. Barone,* 98 *N. J. L.* 9 (*Sup. Ct.* 1922). In such cases the maker of the check only represents that in the future he will have money in the bank and the very fact of post dating belies a present intention to defraud. In this case the court stated:

"The legislative purpose to be gathered from the language of this section of the statute seems to us to be plain, and that is to make criminal the fraudulent giving of a check which is immediately payable, the maker knowing when he delivers it that he has not sufficient funds in the bank upon which it is drawn out of which it can be paid."

In our case, the check was drawn with full knowledge that there had been no money in the bank for months.

In *State v. Lowenstein,* 109 *Ohio St.* 393, 142 *N. E.* 897, 35 *A. L. R.* 361 (*Ohio Sup. Ct.* 1924), the court interpreted a statute similar to that of New Jersey and held that past consideration did not wipe out the crime.

"When in the payment of a past consideration a man gives a check, if he gives the check knowing that he has not funds on deposit to cover it, why does he so act? He so acts because he expects to gain an advantage. He expects perhaps to deceive persons who are pressing for payment; he expects them to think he has paid the whole debt when he has not paid. * * *

It was the evident purpose of this statute to prevent the negotiation of false checks drawn on accounts which did not exist, or were insufficient to pay the checks drawn. * * * In order to protect the credit intercourse of the community this statute was enacted creating a new crime and providing new and distinct rule of evidence.

The statute is silent as to the issue of checks for a past due obligation. It does not state that the issue of a check under such circumstances establishes or negatives intent to defraud."

See also *People v. Khan,* 41 *Cal. App.* 393, 182 *P.* 803 (*D. Ct. App.* 1919); *State v. Edwards,* 190 *N. C.* 322, 130 *S. E.* 10 (*N. C. Sup. Ct.* 1925), on theory statute did not require present consideration.

There have been cases in other jurisdictions holding it not to be a crime where it is for a past consideration. *Phillips v. State,* 24 *Ala. App.* 456, 136 *So.* 480 (*Ct. App.* 1931), because nothing of value was parted with on the strength of the check; *State v. Hack,* 284 *S. W.* 842 (*Mo. Ct. App.* 1926), giving check for past due overcame statutory *prima facie* presumption of fraudulent intent (later law included specifically part consideration as a crime); *Driskell v. State,* 47 *Ga. App.* 741, 171 *S. E.* 389 (*Ga. Ct. App.* 1933), payee not deprived of anything of value.

In *State v. Meeks,* 30 *Ariz.* 436, 247 *P.* 1099 (*Sup. Ct.* 1926), the court held that the crime existed in a case of past consideration and distinguished the crime of obtaining money under false pretenses from the statutory crime.

The New York statute and cases hold that payment of past due indebtedness makes no difference if intent to defraud exists. *People v. Nibur,* 238 *App. Div.* 233, 264 *N. Y. S.* 148 (*App. Div.* 1933); *People v. Humphries,* 226 *App. Div.* 500, 234 *N. Y. S.* 688 (*App. Div.* 1929).

We may therefore summarize that the *Riccardo* case, *supra,* did not set down any rule of law that the giving of a check for a past consideration prevents a conviction. The statute creates a new crime and sets up rules of evidence to guide it. It is not the crime of obtaining money under false pretense, because there need be no financial damage or the giving up of any right or property. It resolves itself simply to the sole question whether the State has proved beyond a reasonable doubt the intent to violate the statute and the facts must control the decision.

The Tentative Draft of the American Law Institute's *Model Penal Code* (1955), *section* 206.22, establishes as a crime the issuance or passing of a check knowing that it will not be honored, regardless of whether or not property was thereby obtained.

"In an economy, such as ours, wherein checks are by negotiation often used as currency, the introduction into commerce of a bad check may seriously harm subsequent indorsers. The accepted policy of fostering negotiability would also seem to warrant the inclusion

of a section similar to that of the *Model Penal Code* into New Jersey's Disorderly Persons Act." 10 *Rutgers L. Rev.* 114 (1945–1955).

In our instant case, the man gave the check with full knowledge that there had been no money in the account for many months, and the court finds a definite intent to defraud and to violate the statute. I find the defendant guilty of the charge alleged in the indictment. He will be presented for sentence.