130 So.2d 823

**Estle Delbert HARVEY**

v.

**STATE.**

**6 Div. 813.**

Court of Appeals of Alabama.

May 9, 1961.

Rehearing Denied May 30, 1961.

Morel Montgomery, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Supernumerary Circuit Solicitor, Wetumpka, for the State.

**HARWOOD, Presiding Judge.**

This appellant has been adjudged guilty of obtaining property by false pretense.

The indictment against this appellant, omitting the formal parts, charges that he:

"* * * did falsely pretend to Robert Ingram, with intent to defraud, that he had one 1957 four-door Oldsmobile automobile, and that said automobile was free from all liens and encumbrances, and by means of such false pretense obtained from the said Robert Ingram one check of the value of Two Thousand Dollars, the personal property of Joe F. Roddam and Robert R. Ingram. * * *"

■ The appellant filed a demurrer to the indictment. Ground 4 of said demurrer is to the effect that said indictment fails to aver what association or connection the said Robert R. Ingram had with Joe F. Roddam, and therefore fails to show that either or both Robert R. Ingram and Joe F. Roddam were defrauded.

Ground 5 is to the effect that the indictment fails to aver that Joe F. Roddam was defrauded or that there was any false pretense to said Roddam with intent to injure or defraud, whereas the said indictment alleges the property obtained was the personal property of Joe F. Roddam.

Ground 6 asserts that the indictment fails to aver any false representation of existing or past fact by the defendant that induced Joe F. Roddam to part with anything of value.

Section 245, Tit. 15, Code of Alabama 1940, provides:

"When any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners; * * *."

While the indictment asserts that the false representation was to Robert Ingram, and by means of such false pretense there was obtained from Robert Ingram a check, the personal property of Joe F. Roddam and Robert R. Ingram, it must be concluded that Ingram and Roddam were co-owners of the check. In view of Sec. 245, supra, the indictment is not defective in alleging that the check was the property of Roddam and Ingram.

The indictment follows substantially Form 60, of Sec. 259, Tit. 15, Code of Alabama 1940, and was sufficient. No merit attaches to the other grounds and the demurrer was properly overruled. Coggins v. State, 23 Ala.App. 332, 125 So. 201.

■ The evidence presented by the State tends to show that this appellant was an automobile salesman for the Luther Coggin Oldsmobile Company in Birmingham. As such he sold, in August 1957, an automobile to one Robert N. Jones. In purchase price therefor, Jones gave a Chevrolet automobile and signed a conditional sales contract for the balance which was $3,398.40, payable in 36 monthly installments of $94.40 per month. This contract was assigned to the General Motors Acceptance Corporation.

After four monthly payments, Jones requested the appellant to sell the automobile and get him relieved of the monthly payments.

The appellant took the automobile to Robert Ingram who with Joe F. Roddam operated the East Lake Auto Sales Company as a partnership. He sold the automobile to Ingram, and received a check for $2,000 therefor, which check was cashed by the appellant.

Ingram testified that at the time of this transaction the defendant stated to him that there was no encumbrance on the automobile. Ingram stated further that upon discovering that the General Motors Acceptance Corporation held a mortgage on the automobile, said mortgage having been executed by Robert N. Jones, he paid the General Motors Acceptance Corporation $2,300 and some odd dollars on the mortgage or conditional sales contract.

Over the appellant's objection the State was also permitted to show that in October of 1957, Ingram purchased another automobile from this appellant upon which the General Motors Acceptance Corporation held a mortgage. This second automobile had been purchased from the Luther Coggin Motor Company by James H. Cordle, the defendant being the salesman who handled the transaction. Again the paper was transferred to the General Motors Acceptance Corporation. Finding himself temporarily unable to meet the payments due on the balance, Cordle requested the defendant to dispose of the automobile for him. This automobile also was purchased by Ingram for the East Lake Auto Sales Company and again Ingram had to pay the balance due on such security papers. Ingram testified that at the time he purchased the automobile, which formerly had belonged to Cordle, that the appellant stated to him that there was no encumbrance of any sort on the automobile.

In his own behalf the appellant testified that he did not tell Ingram there was no encumbrance on either the Jones automobile, or the Cordle automobile, and that Ingram at the time knew of the balance due on said automobiles. The appellant further testified that the money received on the sales of the Jones and Cordle automobiles was paid over to Jones and Cordle respectively, less the commissions he charged each one for disposing of their cars. In this connection it should be noted that in rebuttal both Jones and Cordle testified that the appellant did not pay such monies to them.

Counsel for appellant argues that the admission of the evidence as to the Cordle automobile was error in that it tends to show the commission of a different offense from that charged in the indictment.

■ It is true that ordinarily evidence of other offenses is not admissible. McMurtrey v. State, 37 Ala.App. 656, 74 So. 2d 528, and cases cited therein. As with most broad general rules numerous exceptions have been developed. One of these exceptions is that the proof of similar transactions at or near the time of the offense in question, is admissible to prove intent, scheme, or pattern. McMurtrey v. State, supra.

The transaction in connection with the Cordle automobile was substantially identical with the transaction in connection with the Jones automobile, out of which the present prosecution arose. No error resulted in the admission of this testimony. Caughlan v. State, 22 Ala.App. 220, 114 So. 280; Pearce v. State, 26 Ala.App. 492, 164 So. 114; Nix v. State, 27 Ala.App. 94, 166 So. 716; Robinson v. State, 40 Ala. App. 101, 108 So.2d 188.

Charges 6, 7, 9, 10, 11, 13, A, and B, were properly refused as being either argumentative or incorrect statements of the law applicable.

■ Charges 9, 10, 11, and A, would put the burden upon Ingram to have searched the records of Jefferson County before he could claim that he was defrauded by the appellant's statements. The true rule in this regard is stated in Jenkins v. State, 97 Ala. 66, 12 So. 110, 111, as follows:

"As a general rule, if the pretense is not of itself absurd or irrational, or if he had not at the very time it was

made and acted on the means at hand of detecting its falsehood, if he was really imposed on, his want of prudence is not a defense."

Charge 14 was affirmative in nature and properly refused under the developed evidence.

The record shows that during the argument of the solicitor, counsel for the appellant objected to the solicitor's reference as to whether the court would place the appellant on probation. In ruling on this objection, the court stated:

"I'll overrule the objection, Mr. Montgomery, on the ground that you invited it so to speak when you opened that up, you didn't have to say that, if you hadn't have said that, then, of course, then he couldn't argue it, when you opened it up for him, then he has a right to reply to it."

The solicitor then continued his argument in a similar vein. In view of the court's observation that the argument of the solicitor was a reply in kind to matters argued by counsel for appellant, we are not in a position to take issue with the trial court in this instance.

Affirmed.