318 So.2d 382

**Emanuel SPIVEY**

v.

**STATE.**

**3 Div. 347.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Craig Miller, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and J. Brent Thornley, Asst. Atty. Gen. for the State.

TYSON, Judge.

The indictment (omitting formal parts) is as follows:

"The Grand Jury of said County charge that, before the finding of this indictment, EMANUEL SPIVEY, whose name is to the Grand Jury otherwise unknown, did falsely pretend to Stanley Caldwell, the agent, servant, or employee of S. S. Kresge Company, a corporation, with intent to defraud that he had on deposit with City Bank of Tuskegee, Tuskegee, Alabama, the sum of Fifty-four and 87/100 ($54.87) Dollars, and by means of such false pretense obtained from the said S. S. Kresge Company, a corporation, money or merchandise, or money and merchandise of the value of

$54.87, against the peace and dignity of the State of Alabama."

The appellant waived arraignment and entered a plea of not guilty. Thereafter, the appellant, prior to trial, filed a motion asserting that this prosecution for the offense of false pretense was a denial of due process and equal protection of law since the offense in question constituted the giving of a worthless check, a misdemeanor. There were three continuances granted at the request of the appellant, and thereafter the cause came on for trial on August 1, 1974. The Jury found the appellant guilty as charged. The trial court then entered its judgment, setting sentence at fifteen months imprisonment in the penitentiary.

Bruce T. Nilsson testified that he was the security manager for the K-Mart store on the Southern By-Pass in Montgomery, Alabama. He testified that he was on duty on December 12, 1972, and observed the appellant browsing about in the Automotive Parts Department of the store. He testified that he saw the appellant write out a check in the amount of $54.87 and present it for payment; that this check was drawn on the City Bank of Tuskegee. He testified that the check, being in excess of $50.00 had to be approved by Mr. Caldwell, the manager of the department, that he did so, and the same was deposited in the due course of business.

Mr. Nilsson further testified that on two occasions he telephoned the appellant and asked that he come by and make the check good as it had been returned from the bank, marked "No Account." He testified that on one occasion the appellant came by and made a $20.00 payment.

James L. Chambers, Jr. testified that he was an assistant cashier of the City Bank of Tuskegee, Alabama. He testified that he examined the ledger sheets on the account of one Emanuel Spivey, and that on June 20, 1972, the account was .22¢ overdrawn. He further testified that two checks, one on July 26, and one on July 28, were paid by the bank, which brought the

account to the sum of $4.94 overdrawn. He testified there was no activity on this account from late July, 1972, until December 1, 1972, when the bank then deposited $4.94 to Emanuel Spivey's account and marked this amount off for bad accounts and closed the account. He testified the bank duly notified Mr. Spivey that his balance was zero, and that the account was closed as of December 1, 1972.

On cross-examination, Mr. Chambers testified that after December 1, 1972, no checks were honored by this bank on the account of Emanuel Spivey.

Lewis King testified that he was a detective for the City of Montgomery, Alabama, and on Wednesday, February 6, 1974, he drove to Tuskegee, Alabama, and there presented the appellant, Emanuel Spivey, with a warrant for his arrest. He testified that he gave him a Miranda warning, and then placed him in the automobile and drove him back to Montgomery. He testified that he read to him from a "Miranda Card" and also advised him that he did not have to give any statement, that he did not threaten him, nor did anyone in his presence threaten him, and that there had been no inducement, coercion or other intimidation to obtain a statement from the appellant, Mr. Spivey. He testified that, while talking with the appellant at Police Headquarters in Montgomery, at the station office, the appellant admitted giving the check in question to K-Mart, which had been returned by the bank, indicating the account was closed.

The appellant then moved to exclude the State's evidence, stating that the State failed to prove a prima facie case.

The appellant then called the security manager, Mr. Bruce T. Nilsson, to the stand, and he testified that it was not his job to run the cash register at the K-Mart where the check was presented. He testified that he had been on duty in the Automotive Parts Department on the date in question when the appellant presented the

check for $54.87, and that he saw him write it out. He saw Mr. Caldwell, the department manager, approve the check, as this was for the payment for merchandise, that any check for more than $50.00 had to be approved by the department manager. He further testified that this was not a payment on an account as that was handled only at the front registers in the front of the store.

The appellant did not testify at trial.

## I

The appellant contends that the State here failed to prove a prima facie case and that his motion to exclude and request for affirmative charge should have been given. The offense in question consists of: (1) The pretense. (2) Its falsity. (3) Obtaining property by reason of the pretense. (4) Knowledge on the part of the accused of the falsity of the pretense. (5) Intent to defraud. *Holloway v. State,* 37 Ala.App. 96, 64 So.2d 115, cert. denied 258 Ala. 558, 64 So.2d 121.

In the case of *Young v. State,* 155 Ala. 145, 46 So. 580, the Supreme Court made this observation:

"And if a person should fraudulently represent a fact to be true, knowing at the time that it is not true, and resorts to the fraudulent representation to obtain money from another, and does so obtain it, he would be guilty of 'defrauding' another by 'deceitful means,' and we do not doubt he would be guilty of obtaining the money under false pretenses."

In *Eaton v. State,* 16 Ala.App. 405, 78 So. 321, this Court stated:

"The giving of the check, if given without an explanation to the contrary, was in and of itself a representation, symbol, or token that the defendant had money on deposit in the bank on which the check was drawn, and if this check was given with the intent to deceive the seller of the goods in this case, and he was

thereby induced to part with the title to his property, and the symbol or token was false, and the seller was thereby deceived, the defendant was guilty. The jury by its verdict so determined, as it had the right to do, and we find no reason in the record for disturbing the judgment of conviction."

We are of the opinion that the State here presented a prima facie case, *Eaton v. State,* supra, hence, the refusal of the affirmative charge, and the denial of the appellant's motion to exclude, were proper. *Harvey v. State,* 41 Ala.App. 300, 130 So.2d 823.

## II

Appellant argues that if an offense was committed, it was that of giving a worthless check, a misdemeanor, and that he should have been prosecuted for this, rather than under the false pretense statute. Title 14, Section 209, Code of Alabama 1940.

While the appellant did file a motion in the trial court, asserting this alleged denial of equal protection and due process of law, this matter was not called to the attention of the trial court, nor was a ruling obtained thereon in said court. Such alleged invalidity must be distinctly pointed out. *Cooper v. Hawkins,* 234 Ala. 636, 176 So. 329.

Where, as here, the alleged unconstitutionality was not considered below, or a ruling obtained thereon in the trial court, there is nothing for this Court to review on this claim of error. *Williams v. State,* 291 Ala. 505, 282 So.2d 905; *Weathington v. Birmingham,* 52 Ala.App. 77, 289 So.2d 645, cert. denied 292 Ala. 757, 289 So.2d 649.

## III

Under the facts of this case, it is our opinion that the check presented by the appellant was a false token. The Jury, by its

verdict determined the presence of the other essential elements of the crime of false pretense as it had a right to do. Authorities herein cited.

We find no error and the judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.