325 So.2d 509

**Samuel Porter MITCHELL, alias**

**v.**

**STATE.**

**6 Div. 844.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1975.

Rehearing Denied Dec. 9, 1975.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Quentin Q. Brown, Jr., Birmingham, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment (omitting formal parts) is as follows:

"The grand jury of said county charge that, before the finding of this indictment, SAMUEL PORTER MITCH-ELL, alias JAMES PORTER MITCH-ELL, alias SAM PORTER MITCH-ELL, alias JACK PORTER, alias COR-NELIUS WILLIAMS, whose name is to the grand jury otherwise unknown, with intent to defraud, did falsely pretend to Evelyn Logan, who was then and there acting in the line and scope of her employment as the agent, servant or employee of Electric Constructors, Inc., a corporation, that he was an employee of Shepherd Furniture Company and authorized to make purchases for the said Shepherd Furniture Company, and by means of such false pretense obtained from the said Evelyn Logan three Gibson air conditioners, of the aggregate value of Four Hundred Eighty Dollars, the personal property of Electric Constructors, Inc., a corporation, against the peace and dignity of the State of Alabama."

The jury found the appellant "guilty of obtaining by false pretense the property valued at $480.00," and the trial court set sentence at five years imprisonment in the penitentiary.

Glenn Shepherd testified that he owned and operated Shepherd Furniture Company. He stated that his company employed six people, that he was personally familiar with each of them, and that the appellant, James Mitchell, had never been an employee of Shepherd Furniture Company. Shepherd testified that he did not phone in an order to Electric Constructors, Inc., for three Gibson air conditioners on July 11, 1973. He added that his father was the only other person authorized to phone in orders. He said that Shepherd Furniture Company received a bill from Electric Constructors, Inc., for three Gibson air conditioners which were never received and never paid for.

On cross-examination, Mr. Shepherd said that his furniture company had an account with Electric Constructors, Inc., but that it had been "at least three years" since his company had gotten any Gibson air conditioners.

Evelyn Logan testified that in July of 1973, she worked as a secretary for Electric Constructors, Inc., a wholesale distributor of electrical appliances and television electronics, and that her duties included taking and processing orders. She said that at approximately 12:30 p. m., on Wednesday, July 11, 1973, the appellant, whom she identified in court, pulled a truck up to Electric Constructors' loading dock at 3013 Second Avenue, South, in Jefferson County, got out, climbed up on the dock, and said he was to pick up some air conditioners for Shepherd Furniture Company. Mrs. Logan said that she told the appellant she did not have an invoice for them, and he explained that the order had just been phoned in. She then called K. B. Moon, an office salesman who usually handled phone orders, and he sent her an invoice (State's Exhibit No. 1) for three Gibson air conditioners for Shepherd Furniture Company. She explained that an invoice is an original order as phoned in to them by the dealer or buyer, giving the dealer's name and what he wishes to purchase. Mrs. Logan stated that after the air conditioners were pulled from inventory in the warehouse, she entered their serial numbers on the original invoice that she had received from Mr. Moon, and then prepared a dray ticket (State's Exhibit No. 2) with the name of the company, model, quantity, and serial numbers of the air conditioners. Mrs. Logan said that the appellant acknowledged receipt of the air conditioners by signing the dray ticket "Willie Jones," that they were then loaded onto his truck and he drove away. She concluded by stating that the wholesale price of each of the air conditioners was $160.00, or a total of $480.00.

On cross-examination, Mrs. Logan testified that the invoice was not in exactly the same condition as it had been on the day it was made, that markings had been added and erasures made.

T. W. Farrier testified that he was the refrigeration service manager at Electric Constructors, Inc., and that at times his duties included loading merchandise. He said that he went to lunch around noon on July 11, 1973, and that when he returned to the loading dock at 3013 Second Avenue, South, the appellant, whom he identified in court, was present. Farrier stated that Mrs. Logan handed him an order for three Gibson air conditioners, which he got from the warehouse and loaded onto the truck that the appellant was driving. He identified State's Exhibit No. 2 as the dray ticket he saw the appellant sign "Willie Jones." After the air conditioners were loaded, the appellant got in the truck and drove off.

L. A. McIntire testified that in July of 1973, he was employed by the City of Birmingham as a detective sergeant assigned to the business service bureau. He identified the appellant and stated that he saw him at around 11:45 a. m., on Monday, July 16, 1973, at the warehouse of Electric Constructors, Inc., located at 3013 Second Avenue, South. McIntire explained that he received a phone call from an employee of Electric Constructors, Inc., and that he proceeded to the company's business office where he had a further discussion with a Mr. Tayloe and another man. He said that around 11:45 a. m. he saw the appellant drive a truck up to the loading dock, get out, climb onto the dock, and stand at the back of the truck. McIntire then arrested the appellant on a charge of false pretense.

On cross-examination, McIntire testified that he arrested the appellant without a warrant.

The State's final witness was Birmingham City Policeman Wayne Harper who stated that he accompanied Sergeant McIntire on the day of appellant's arrest. His testimony corroborated that of Sergeant McIntire.

At the conclusion of Harper's testimony, the appellant made a motion to exclude the State's evidence, which was denied by the trial court. The appellant then rested without presenting any evidence at trial.

## I

The appellant contends that the State here failed to prove a prima facie case, and that there was a fatal variance between the representation attributed to him by the indictment and the proof adduced at trial.

■ The offense in question consists of: (1) The pretense. (2) Its falsity. (3) Obtaining property by reason of the pretense. (4) Knowledge on the part of the accused of the falsity of the pretense. (5) Intent to defraud. *Holloway v. State*, 37 Ala.App. 96, 64 So.2d 115, cert. denied 258 Ala. 558, 64 So.2d 121; *Spivey v. State*, 55 Ala.App. 687, 318 So.2d 382 (1975).

From *Holloway*, supra:

"Generally speaking, the crime includes a false representation of an existing or past fact which deceives and which induces the person to whom the deception is made to part with something of value. The falsity of the representation must be known to the accused and it must have been made with intent to defraud."

Appellant asserts that Mrs. Evelyn Logan would not have given him the air conditioners if she had not received an invoice from K. B. Moon, the office salesman, and that this invoice had been prepared prior to the appellant's arrival at the loading dock. Therefore, he asserts that Mrs. Logan's actions could not have been based upon anything that he might have said to her upon his arrival.

The fallacy in this argument is two-fold. First, it overlooks the fact that appellant drove up in a truck, inferentially belonging to Shepherd Furniture Company, and he advised Mrs Logan that he was there on behalf of Shepherd Furniture Company to pick up the three air conditioners. Second, the appellant signed the dray ticket, acknowledging receipt of the three units. This dray ticket was signed "Willie Jones."

If, in the absence of the above false pretense, Mrs. Logan would not have parted with the air conditioners, then the offense in question is complete. *Whipple v. State*, 51 Ala.App. 377, 286 So.2d 52, cert. denied 291 Ala. 802, 286 So.2d 57.

■ We are therefore of the opinion that the evidence here presented was sufficient to sustain the judgment of conviction, hence, the refusal of the appellant's request for the affirmative charge and the denial of his motion to exclude were proper. *Whipple*, supra; *Holloway*, supra; *Harvey v. State*, 41 Ala.App. 300, 130 So.2d 823.

## II

■ Sergeant L. A. McIntire testified that he received a phone call from an employee at Electric Constructors, Inc., on the morning of July 16, 1973. He then proceeded to the company's business office where he had a conversation with a Mr. Tayloe and another man. At approximately 11:45 a. m., McIntire saw the appellant drive a truck up to Electric's loading dock, get out, and walk to the back of the truck, at which point he arrested the appellant on a charge of false pretense.

An officer may arrest any person, without warrant, at any time, when he has reasonable cause to believe that the person arrested has committed a felony. Title 15, Section 154, Code of Alabama 1940. Thus, this evidence was properly admitted at trial.

## III

■ At the conclusion of the trial court's oral charge, the appellant announced, "No exceptions." The trial judge then gave nine of the written requested charges. The remaining refused charges were either covered by the trial court's oral charge and the given charges, or were abstract, not properly predicated on the evidence in this case, were misleading, or were incorrect statements of the applicable

legal principles; hence, their refusals were proper. Title 7, Section 273, Code of Alabama 1940.

We have carefully examined this record and find same to be free from error. The judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.