BOOKOUT, Judge.
Violation of Birmingham City Ordinance 34-159 (Pedestrians Walking Along Roadway); sentence: $250 fine.
Around 3:00 p. m. on August 30,1978, the appellants were arrested for “obstructing traffic” while passing out leaflets to occupants of vehicles on 41st and 42nd streets in North Birmingham. The two streets were access ways to the parking lot for the Stockham Valve and Fittings plant. The City’s complaint was amended in municipal court to the instant charge. A more complete rendition of the facts is unnecessary since the appellants filed no motion to exclude the City’s evidence, no request for the affirmative charge, nor motion for a new trial challenging the sufficiency of the evidence. Youngblood v. State, Ala.Cr.App., 338 So.2d 526 (1976).
I
Appellants contend that Ordinance 34-159 is violative of the Fourteenth Amendment’s due process and equal protection clauses as being overly broad and vague. Appellants argue that the ordinance’s proscribed conduct is so general in description that it gives rise to discretionary enforcement. We do not find that the appellants raised this issue in the trial court.
Constitutional rights must be seasonably raised in the trial court in order to be considered on appeal. Cooper v. Green, Ala., 359 So.2d 377 (1978); Howard v. Pike, 290 Ala. 213, 275 So.2d 645 (1973); Steele v. State, 289 Ala. 186, 266 So.2d 746 (1972); Boyd v. State, Ala.Cr.App., 361 So.2d 1179 (1978); Smoke v. State, Ala.Cr.App., 347 So.2d 564 (1977); Harris v. State, Ala.Cr. App., 347 So.2d 1363, cert. denied, Ala., 347 So.2d 1368 (1977); and eases cited therein. “To warrant a court to decree a statute void, the invalidity of that statute must be distinctly pointed out to that court, and where the alleged unconstitutionality of an act is not properly raised in the trial court below, the appellate courts are not at liberty to consider that issue on appeal.” Frye v. State, Ala.Cr.App., 369 So.2d 892 (1979). See also: Hagendorfer v. State, Ala.Cr. *1298 App., 348 So.2d 1097 (1977), cert. denied, Ala., 348 So.2d 1101; Spivey v. State, 55 Ala.App. 687, 318 So.2d 382 (1975); Cooper v. State, 55 Ala.App. 576, 317 So.2d 543 (1975). Consequently, appellants’ contention is without merit.
II
The appellants next contend that their arrest resulted in an infringement upon their First Amendment right of freedom of speech.
The first mention by appellants of a freedom of speech infringement in this case occurred during their closing argument. During opening argument counsel for appellants only mentioned “that there was an attempt at censorship.” We note, however, that the evidence adduced at trial neither presents nor mentions the First Amendment issue. Therefore, it is not presented for our review. This question is likewise governed by those authorities cited in Part I, supra.
We additionally note that the arresting officers testified that they had not read the leaflets before making the arrest although the appellants testified to the contrary. The contents of the leaflets are unknown as they were not introduced into evidence. Furthermore, both arresting officers testified that their intent in arresting the appellants was “to stop them from stopping cars in the middle of the street” and “stop . . . the obstructing of traffic on 41st and 42nd Street.” The First Amendment was therefore never properly raised in the trial court by the appellants.
III
Appellants assert that the trial judge erred in commenting before the jury, during both their opening and closing statements, that the case would be tried “on jay walking or no jay walking” and “that the First Amendment is not involved in this case at all,” respectively.
A
In order to place the trial judge’s comment during appellants’ opening statement in its proper perspective, the following transpired immediately preceding the statement:
“MR. WIGGINS: Part of the defense in this case will be that the arrest was made to censor or to stop the political views which the police officer disagreed with, and that they were not guilty of jay walking, but that there was an attempt at censorship.
“MS. CROCKER: Object.
“THE COURT: Well, I sustain that one. She objects to that. I don’t — well—I just don’t know the facts in this matter until I have heard it today. Right now. I can just tell this jury we are trying this case and you are going to find out when we start it this judge is going to make sure we’re trying this case on jay walking. “As I understand what you are talking about is not — what you say is that the officers are attempting to subvert, I mean, submit, put out of the way and put down the views expressed by these defendants, right?
“MR. WIGGINS: That’s right.
The trial judge then stated:
“THE COURT: Well, I can just say this. It is going to be tried on jay walking or no jay walking.”
The appellants did not object to the trial judge’s comments and without such nothing is presented for our review. Gilliland v. State, 291 Ala. 89, 92, 277 So.2d 901 (1973); Barnett v. State, 51 Ala.App. 470, 483, 286 So.2d 876, cert. denied, 291 Ala. 773, 286 So.2d 890 (1973). See generally: Scruggs v. State, Ala.Cr.App., 359 So.2d 836, cert. denied, Ala., 359 So.2d 843 (1978); Van Antwerp v. State, Ala.Cr.App., 358 So.2d 782, cert, denied, Ala., 358 So.2d 791 (1978); 6B Alabama Digest, Criminal Law, ®=»1045.
B
During appellants’ closing argument, the following transpired:
“MR. WIGGINS: I am sure the people that work at Stockham, grown men and *1299 women know enough to think for themselves, to read for themselves. Not to need the City of Birmingham to regulate or to stop the dissemination of ideas because someone does not agree with them. And that is what the First Amendment of the Constitution is about.”
The prosecuting attorney’s objection to this argument was sustained to which the appellants’ counsel excepted. The trial judge then stated:
“THE COURT: Well, I’m telling the jury —I’m telling the jury that the First Amendment is not involved in this case at all. I am going to so instruct them when I get my turn.”
Nevertheless, the trial judge allowed appellants’ counsel to conclude that line of argument.
In his instructions to the jury and in response to an exception taken by the appellants to a previous portion of it, the trial judge remarked:
“. . . That if you, of course, feel that this ordinance was being used solely and only to restrict the activities of giving these leaflets, whatever the leaflets say or were — I don’t know and you don’t either — but, if this ordinance was used solely for that purpose, to stop the dissemination of such leaflets, yes, it would be wrong to do that. Could not be done. But, if this ordinance was used to prevent pedestrians walking on the roadway as a protection to the pedestrians or was used to prevent pedestrians walking in the street so traffic wouldn’t get tied up or so there wouldn’t be accidents or so people wouldn’t be hurt or was used to prevent pedestrians from standing in the middle to stop people for one reason or another and who used for that purpose, yes, it’s legal.”
It is apparent that this portion of the jury’s instruction was directed toward the applicability of the First Amendment to the conduct proscribed under Ordinance 34-159. In essence, the trial judge reconsidered and modified his earlier position on the First Amendment issue.
The trial court’s comment during closing arguments did not constitute reversible error because the First Amendment had never been properly put in issue in the trial. Nevertheless, out of an abundance of precaution, the trial court still instructed the jury on that issue. We, therefore, find no error on the part of the trial court in this regard.
AFFIRMED.
All the Judges concur.