The original opinion in this case was authored by Judge Taylor. This case was reassigned to Judge Baschab on April 15, 1997.
In Powers v. State, 723 So.2d 735 (Ala.Cr.App. 1996), this court remanded this case to the Lauderdale County Circuit Court for that court to determine if the requirements of Rule 18.1 (b)(1) of the Alabama Rules of Criminal Procedure (a waiver of a defendant's right to a trial by jury must be in writing or in open court) were met. This court could not ascertain from the record whether or not the appellant fully understood the consequences of her motion to withdraw her right to a jury trial.
On remand, the trial court conducted a hearing, and issued an order on April 10, 1997, stating: *Page 738 
 "This cause having come before this Court in order for this Court to determine whether the appellant fully understood the consequences of her motion to withdraw her right to a jury trial, and the court after hearing arguments from counsel regarding the same, the Court finds as follows:
 "The [appellant]'s withdrawal of the jury demand was not on the record. Therefore, the Court is of the opinion that it is impossible to determine whether or not the requirements of 18.1 (b)(1) were met."
However, after reviewing the record on return to remand, we now believe that our earlier decision in this case was in error. Therefore, we now reverse our earlier decision and reinstate the appellant's conviction.
In our earlier opinion, we held that, even though the appellant did not raise an objection to the trial court, the court failed to properly ascertain whether or not the appellant knowingly, voluntarily, and intelligently waived her right to a jury trial pursuant to Rule 18.1 (b), Ala. R. Crim. P. We further stated that we would apply the same standard to this waiver as we apply to a defendant's waiver of his right to counsel.
However, we have previously addressed this issue in Spradley v.State, 414 So.2d 170 (Ala.Cr.App. 1982), stating:
 "This issue was not raised in the trial court and is not preserved for review before this court. This court `will not consider on appeal any constitutional question not raised below.' Steele v. State, 289 Ala. 186, 189, 266 So.2d 746 (1972). `[E]ven constitutional rights have to be raised seasonably in the trial court.' Fuller v. State, 269 Ala. 312, 326, 113 So.2d 153 (1959).
 "This court has refused to consider certain constitutional issues that were not raised in the trial court: denial of speedy trial, McMorris v. State, 394 So.2d 392
(Ala.Cr.App.), cert. denied, Ex parte McMorris, 394 So.2d 404 (1980); admission of statement taken in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Stewart v. State, 398 So.2d 369 (Ala.Cr.App.), cert. denied, Ex parte Stewart, 398 So.2d 376
(Ala. 1981); excessive bail, Smoke v. State, 347 So.2d 564 (Ala.Cr.App. 1977); right to arraignment, Davis v. State, 331 So.2d 807
(Ala.Cr.App. 1976); due process and equal protection violations, Spivey v. State, 55 Ala. App. 687, 318 So.2d 382 (1975); validity of search, Stokes v. State, 54 Ala. App. 112, 305 So.2d 387 (1974); constitutionality of a statute, Smith v. State, 392 So.2d 1273
(Ala.Cr.App. 1980)."
414 So.2d at 172-73.
Since it decided Spradley, the Alabama Supreme Court adopted the Alabama Rules of Criminal Procedure.[1] Rule 18.1 (b)(1) provides:
 "(b) Waiver of Trial by Jury. In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor and the court, as follows:
 "(1) When the defendant is tried in circuit court other than on appeal for trial de novo, waiver of the right to trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall address the defendant personally in open court and shall advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent."
The Committee Comments to Rule 18.1 state:
 "Section (b) provides for waiver of the right to a jury trial. Where the defendant is charged with a felony offense, the heavier burden is on the state to show an affirmative waiver. . . . In Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971), the Alabama Supreme Court held that a defendant may waive his or her right to a jury trial in a noncapital felony case.
 "Subsection (1) sets forth the requirements for waiver of jury trial when the defendant is charged with a felony offense. This rule is based upon Rule 23 (a), *Page 739 
Fed.R.Crim.P., and ABA, Standards for Criminal Justice, Trial by Jury 15-1.2 and 15-1.3 (2d ed. 1986)."
Nothing in the Alabama Rules of Criminal Procedure or in the Committee Comments to those Rules states that Rule 18.1 (b)(1) overturns or supercedes this court's decision in Spradley, and we again decline to find that it does so now. We now hold that this issue was not preserved for review because no objection was made to the trial court.
Therefore, we reverse our earlier decision in this matter, and affirm the appellant's conviction.
AFFIRMED.
All judges concur.
[1] The Alabama Rules of Criminal Procedure were adopted on May 31, 1990, and became effective on January 1, 1991.
 On Application for Rehearing