J. H. GOSSETT ET AL. v. H. C. McCRACKEN.

(Filed 24 January, 1925.)

1. **Principal and Agent—Commission.**

   In order for an agent for the sale of real estate to recover commissions on the sale of lands under his contract, he must show that he has obtained a bona fide purchaser upon its terms, etc.

2. **Same—Revocation.**

   Under a written contract for the sale of a farm, the owner agreed that the agent therein appointed may sell at a certain price per acre net to him, or at a price he would thereafter consent to, with the provision to pay commissions under further-stated conditions: *Held,* the contract was revocable at the will of the owner before a sale had been effected by the agent under the terms of his contract.

**3. Same—Agency Coupled With an Interest.**

Where there is an agency for the sale of real estate created, in order for it to be irrevocable by the owner for an interest therein of the agent, such interest must be in the land, and not merely in the result of the sale or the execution of the power.

**4. Principal and Agent—Revocation—Damages.**

The damages recoverable by an agent for the sale of land revocable at the will of the owner, when the former has not procured a purchaser upon the terms specified, are such expenses as had been incurred by the agent prior to the revocation of the power to sell, and a reasonable compensation for any labor performed and services rendered which were fairly within the contemplation of the parties at the time of the making of the contract.

APPEAL by defendant from *Ray, J.,* at September Term, 1924, of HAYWOOD.

Civil action, to recover commissions arising out of the following contract:

"HAYWOOD COUNTY—North Carolina.

23 SEPTEMBER, 1921.

"This is to certify that I give the Canton Real Estate Company the exclusive right to sell my farm, of 119 acres, more or less, at $90.00 per acre net to me, or, in case they fail to get an offer of $90.00 per acre, I agree to pay 5 per cent commission on whatever it is sold and confirmed for; and if sold for more than $90.00 per acre, they shall be paid 10 per cent commission, and the profits, if any, over and above the 10 per cent,. I will divide 50/50 with them.

"Term of this option 12 days.          H. C. McCRACKEN.

"Witness: G. H. GOSSETT."

Under this contract, the property was advertised for sale at public auction, on 4 October, 1921.

Defendant alleges that plaintiffs changed the term of the option or contract from ten days to twelve days, without his knowledge or consent,. and upon discovering this fact he notified the plaintiffs that he would not stand for the change, or execute deeds if the property were sold on the day as advertised. Plaintiffs denied any wrongful change of the contract, but called in the sale, because of the defendant's attitude, and instituted this action for commissions.

On the measure of damages the trial court instructed the jury as follows:

"If the plaintiffs have satisfied you that there was a contract and the defendant breached it in the particulars in which the court has recited

to you, and that there was a damage running to the plaintiffs by reason of it, then it is for you to say what the amount of the damage is, taking as a basis 119 acres of land; and it has been testified to you it was worth so much money and would have sold for so much, and if he could have got that amount at the time and sold it, that would have been the amount of money he would have received."

From a verdict and judgment in favor of plaintiffs for $535.50 the defendant appeals, assigning errors.

*Morgan & Ward for plaintiffs.*
*John M. Queen and Alley & Alley for defendant.*

STACY, J., after stating the case: Plaintiffs have misconceived their remedy, and the case has been tried on an erroneous theory. Conceding, as plaintiffs contend, that the change in the contract from ten days to twelve days was made with the defendant's approval and consent, still there was no sale of the property prior to revocation of the power to sell, and, consequently, there could be no recovery of commissions. Plaintiffs' right of action, if such they have, is to recover damages for an alleged breach of the contract. The commissions, called for in the agreement, are dependent entirely upon an execution of the contract and a sale of the property.

The instrument signed by the defendant was not an irrevocable power of agency, and it appears from all the evidence that the defendant revoked the power before the sale, even conceding that the contract had not been avoided by an unauthorized change in its terms. *Martin v. Holly,* 104 N. C., 36. It contains no stipulation against revocation, and it is not such a power, "coupled with an interest," as to make it irrevocable. *Atlantic Coast Realty Co. v. Townsend,* 98 S. E. (Va.), 684. The interest, coupled with a power, which will render the power irrevocable, must be an interest in the thing itself. *Missouri v. Walker,* 125 U. S., 339; 31 L. Ed., 769. As said by *Marshall, C. J.,* in *Hunt v. Rousmanier,* 8 Wheat., 174:

"The power must be engrafted on an estate in the thing. The words themselves seem to import this meaning. 'A power coupled with an interest' is a power which accompanies or is connected with an interest. The power and the interest are united in the same person. But if we are to understand by the word 'interest' an interest in that which is to be produced by the exercise of the power, then they are never united. The power, to produce the interest, must be exercised, and by its exercise is extinguished. The power ceases when the interest commences, and, therefore, cannot, in accurate law language, be said to be 'coupled' with it."

LINDSEY v. LUMBER CO.

The general rule is stated in 21 R. C. L., 810, as follows: "There seems to be no doubt that a power coupled with an interest cannot be revoked, but the interest required is an interest in the subject of the power, and not an interest in that which is to be produced by the exercise of the power."

The plaintiffs would be entitled to recover as damages for a breach of the contract all expenses incurred by them prior to revocation of the power to sell, and a reasonable compensation for any labor performed and services rendered which were fairly within the contemplation of the parties at the time of the making of the contract. *Advertising Co. v. Warehouse Co.*, 186 N. C., 197; *Olive v. Kearsley*, 183 N. C., p. 198; *Hagood v. Holland*, 181 N. C., p. 64; *Brewington v. Loughran*, 183 N. C., 558. But commissions, as such, are recoverable on the theory of a completed contract. This is not our case. Of course, if the plaintiffs, prior to revocation, had succeeded in making a bona fide sale of the property in accordance with the terms of the contract, they would be entitled to have estimated in the assessment of damages any loss of profits actually sustained by reason of the defendant's failure to perform the contract on his part. *Olive v. Kearsley, supra,* and cases there cited.

The instant case is so nearly parallel to the case of *Real Estate Co. v. Sasser,* 179 N. C., 497, and the principles of law applicable are so thoroughly discussed in that case, with full citation of authorities, that we deem it unnecessary to do more than refer to the decision in the *Sasser case* as determinative of the rights of the parties here.

Our attention has been called to a number of apparently contrary decisions in other jurisdictions, but we think the position here taken accords with the juster rule. It is in keeping with our former adjudications.

The cause will be remanded for another hearing.

New trial.