RITCH REALTORS, INC., T/A CENTURY 21 RITCH REALTORS, A CORPROATION
v. DAVID P. KINARD AND DONNA KINARD

No. 7926DC684

(Filed 4 March 1980)

Brokers and Factors § 6— breach of contract giving exclusive right to sell— damages

> Where defendants breached a contract giving plaintiff realtor the exclusive right to sell property on behalf of defendants, and the property was sold by another realtor after the expiration date of plaintiff's contract, plaintiff was entitled to recover as damages for the breach all expenses incurred by it prior to defendants' revocation of its authority to sell the property and a reasonable compensation for any labor performed and services rendered which were fairly within the contemplation of the parties at the time the contract was made, not the amount of the commission called for in the contract for a sale of the property by plaintiff, where plaintiff offered no evidence that during the term of the contract it produced an able, willing buyer to purchase the property for the specified price.

APPEAL by defendants from *Brown (L. Stanley), Judge.* Judgment entered 15 June 1979 in District Court, MECKLENBURG County. Heard in the Court of Appeals 6 February 1980.

Defendants appeal from entry of summary judgment against them. Plaintiff is a corporation engaged in the real estate business in Mecklenburg County, North Carolina. The defendants owned a parcel of real property at Huntersville in that county and entered into a contract with plaintiff, granting plaintiff the exclusive right to sell the property on behalf of defendants. This contract covered the period from 15 August 1978 to 15 November 1978, and plaintiff was to receive as compensation a sum equal to six percent of the gross sales price of the property. The agree-

ment called for a sales price of $66,000. Plaintiff began efforts to sell the property by listing it with the multiple listing service of the Charlotte Board of Realtors and placing "for sale" signs on the property.

During the term of the contract defendants notified plaintiff of their desire to terminate the contract and on 29 September 1978 sent a letter to plaintiff notifying it to "consider our contract rescinded."

After 15 November 1978 the property was sold by another realtor, but the sales price is not in the record.

Both plaintiff and defendants moved for summary judgment. At the hearing on the motions, counsel for plaintiff and defendants stipulated that the contract was valid and that defendants breached it.

*John F. Ray for plaintiff appellee.*

*Scarborough, Haywood & Merryman, by C. B. Merryman Jr., for defendant appellants.*

MARTIN (Harry C.), Judge.

By their stipulation in open court at the time of the hearing of the summary judgment motions, defendants concede the validity of the contract sued upon and their breach of it. In so doing, they admitted their liability to plaintiff and left unresolved only the question of damages. A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof. *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972).

Based upon the materials before it, including defendants' stipulation, the trial court found plaintiff entitled to recover and awarded plaintiff $3,960 in damages. This sum was evidently the result of applying the six percent commission called for in the contract to the $66,000 purchase price set out in the agreement. Plaintiff, however, failed to offer any evidence that during the term of the contract it produced an able, willing buyer to purchase the property for the specified price of $66,000. Therefore, plaintiff is not entitled to recover commissions set out in the contract. The commissions are dependent entirely upon an execution

of the contract and a sale of the property or plaintiff's producing an able and willing buyer of the property upon the terms set out in the agreement within the time limitations contained in the agreement. *Gossett v. McCracken,* 189 N.C. 115, 126 S.E. 117 (1925). This, plaintiff has failed to do.

Under the facts of this case, plaintiff is entitled to recover as damages for the breach of the contract by defendants all expenses incurred by it prior to revocation of the power to sell and a reasonable compensation for any labor performed and services rendered which were fairly within the contemplation of the parties at the time of the making of the contract. *Gossett v. McCracken, supra; Advertising Co. v. Warehouse Co.,* 186 N.C. 197, 119 S.E. 196 (1923).

The result is: The summary judgment for plaintiff is affirmed in determining that defendants are liable to plaintiff for the breach of contract. The award of damages in the summary judgment is vacated, and the case is remanded to the District Court of Mecklenburg County for the determination of damages.

Affirmed in part. Vacated and remanded.

Chief Judge MORRIS and Judge HILL concur.