The defendant was indicted and convicted for possession of marijuana. Sentence was two years' imprisonment.
 I
The defendant argues that the evidence is insufficient to support his conviction because the State failed to prove that the substance found in his possession was marijuana.
The alleged defect in the sufficiency of the State's evidence was supplied by a stipulation. Immediately before the State rested on its case in chief, the following occurred.
 "THE COURT: Now, that was the understanding I had, but let's get the record straight. Is it stipulated or not that this Exhibit that was just shown to Mr. Norton (a cellophane bag containing marijuana — two things — that it is marijuana and that it is, in fact, the substance that was taken from this Defendant and that the chain of custody between the taking it from the Defendant and giving it to the Toxicologist and here today in Court is all established?
"MR. HARTLEY (Defense Counsel): Yes, sir."
This stipulation relieved the State from the necessity of producing evidence to prove that the substance found in the defendant's possession was marijuana. "An Attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made in the minutes of the court." Alabama Code 1975, Section 34-3-21. "(W)ell settled principles of law, as well as sound policy, require us to give to *Page 172 
an agreement of counsel, as to the conduct of trial in court, the same binding efficacy as if the agreement had been made by the party." Rosenbaum v. State, 33 Ala. 354, 362 (1839). Here, the stipulation was made in open court and was binding upon the parties. Anonymous v. Anonymous, 353 So.2d 515 (Ala. 1977); Rule 47, A.R.A.P.
A stipulation is a judicial admission, and, as such, it prevents the party who makes it from introducing evidence to dispute it, and relieves a proponent from the necessity of producing evidence to establish facts admitted therein. Moorev. Humphrey, 247 N.C. 423, 101 S.E.2d 460, 467 (1958). A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof. Ritch Realtors, Inc. v. Kinard, 45 N.C. App. 545,263 S.E.2d 38, 39 (1980).
One who has stipulated to certain facts is foreclosed from repudiating them on appeal. Wolf Corp. v. Louis, 11 Ariz. App. 352,464 P.2d 672 (1970).
 "(A) stipulation cannot be contradicted by evidence tending to show the facts to be other than as stipulated, and on appeal, neither party will be permitted to argue that the facts were otherwise, or that any material fact was omitted."
73 Am.Jur.2d, Stipulations, Section 8 (1974).
This issue was not raised in the trial court. The motion to exclude the State's evidence was on the single ground that the State had failed "to show the knowledge of" the marijuana on the defendant. The issue was not raised on the motion for new trial.
 II
The defendant contends that his conviction should be reversed because the record does not affirmatively disclose a voluntary and intelligent waiver of his right to a jury trial.
The defendant was present and testified at the hearing on the motion to suppress. At that hearing defense counsel stated:
 "Your Honor, we intend to waive the jury trial in this case and are going to let the case be heard by you. So, therefore, it is scheduled for trial next Monday, and we might offer other testimony but just like to have the Court take oral notice that we will not have a jury trial."
The minute entry reflects that "the defendant now in open court withdraws his demand for trial by jury and announces himself ready for trial."
A defendant charged with a non-capital felony may waive a jury trial with the consent of the State and the trial court, provided the waiver is made knowingly, voluntarily and intelligently in light of all the surrounding circumstances.Singleton v. State, 48 Ala. App. 753, 262 So.2d 767 (1970),288 Ala. 519, 262 So.2d 768, on remand, 48 Ala. App. 157,262 So.2d 772, cert. denied, 288 Ala. 751, 262 So.2d 776 (1971); Juniorv. State, 325 So.2d 556 (Ala.Cr.App. 1979). A colloquy of the type required by Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), on a plea of guilty is neither necessary nor mandated. Murphy v. State, 347 So.2d 1369
(Ala.Cr.App.), cert. denied, 347 So.2d 1371 (1977). See alsoDay v. State, 395 So.2d 119 (Ala.Cr.App. 1980), cert. denied,395 So.2d 120 (Ala. 1981).
This issue was not raised in the trial court and is not preserved for review before this court. This court "will not consider on appeal any constitutional question not raised below." Steele v. State, 289 Ala. 186, 189, 266 So.2d 746
(1972). "(E)ven constitutional rights have to be raised seasonably in the trial court." Fuller v. State, 269 Ala. 312,326, 113 So.2d 153 (1959).
This court has refused to consider certain constitutional issues that were not raised in the trial court: denial of speedy trial, McMorris v. State, 394 So.2d 392 (Ala.Cr.App.), cert. denied, Ex parte McMorris, 394 So.2d 404 (1980); admission of statement taken in violation of Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966);Stewart v. State, 398 So.2d 369 (Ala.Cr.App.), cert. denied,Ex parte Stewart, 398 So.2d 376 (Ala. 1981); excessive bail,Smoke v. State, 347 So.2d 564 (Ala.Cr.App. *Page 173 
1977); right to arraignment, Davis v. State, 331 So.2d 807
(Ala.Cr.App. 1976); due process and equal protection violations, Spivey v. State, 55 Ala. App. 687, 318 So.2d 382
(1975); validity of search, Stokes v. State, 54 Ala. App. 112,305 So.2d 387 (1974); constitutionality of a statute, Smith v.State, 392 So.2d 1273 (Ala.Cr.App. 1980).
Because this issue is initially presented and argued on appeal, this Court has nothing to review.
 III
The defendant contends that the marijuana found on his person was the product of an illegal search and seizure. We disagree.
At 12:30 A.M. on November 22, 1980, Montgomery Police Sergeant H.C. Norton had just come off duty and had stopped at the Big Apple grocery store on the Atlanta Highway to buy some cigarettes. Norton was familiar with the defendant and knew that he had previous drug arrests. A store employee took the defendant over to one side of the store after the defendant allegedly went past the checkout counter without paying for a package of cigarettes. The defendant was intoxicated.
Officer Norton first approached the defendant because "he was causing a disturbance in the grocery store." The store employee told Norton that the defendant "did not pay for the cigarettes he had" and that the defendant "was trying to steal them." Sergeant Norton noticed a knife scabbard on the defendant's side. He identified himself as an official police officer and removed the knife from the scabbard. Norton then frisked the defendant for other weapons. During this pat down, Norton felt a hard object in the defendant's back pocket. Sergeant Norton testified that he thought the "hard object" was either another knife or "perhaps a metal pipe people hold in their fist when they hit somebody." The "hard object" turned out to be a "rolled up plastic bag" of marijuana.
A police officer may stop someone to investigate possible criminal behavior even though there is no probable cause to make an arrest. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889 (1968); Minnifield v. State, 390 So.2d 1146
(Ala.Cr.App.), cert. denied, Ex parte Minnifield,390 So.2d 1154 (Ala. 1980); Bagony v. City of Birmingham, 371 So.2d 80
(Ala.Cr.App. 1979).
 "A peace officer may in appropriate circumstances and in an appropriate manner approach or accost a person for the purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest. A policeman who lacks the precise level of information necessary for probable cause to arrest is not required simply to shrug his shoulders and allow a crime to occur or a criminal to escape, and a brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." 6A C.J.S. Arrests Section 38 (1975).
See Alabama Code 1975, Section 15-5-30.
A stop is permissible where the officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot. Butler v.State, 380 So.2d 381 (Ala.Cr.App. 1980).
 "In order to be valid, an investigatory stopping or detention must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. The detention and investigation may not be based on a peace officer's unsupported intuition, subjective feelings or suspicion, mere hunch, or good faith, but it must be based on the objective perception of events, without particularization as to a specific crime. There must be a rational suspicion on the part of the officer that some activity out of the ordinary is taking or has taken place, some indication to connect the person under suspicion with such activity, and some suggestion that the activity is related to a crime." 6A C.J.S. Arrests Section 40. *Page 174 
The test for determining whether a law enforcement officer has probable cause to stop a person was set out in UnitedStates v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 695,66 L.Ed.2d 621 (1981).
 "Courts have used a variety of terms to capture the elusive concept of what cause is sufficient to authorize police to stop a person. Terms like `articulable reasons' and `founded suspicion' are not self-defining; they fall short of providing clear guidance dispositive of the myriad factual situations that arise. But the essence of all that has been written is that the totality of the circumstances — the whole picture — must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity."
Assuming a valid stop, a limited search of the suspect for weapons may be justified.
 "The Terry case (Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889), created an exception to the requirement of probable cause an exception whose `narrow scope' this Court `has been careful to maintain.' Under that doctrine a law enforcement officer, for his own protection and safety, may conduct a pat-down to find weapons that he reasonably believes or suspects are then in the possession of the person he has accosted. . . . Nothing in Terry
can be understood to allow a generalized `cursory search for weapons' or indeed, any search whatever for anything but weapons." Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 343-44, 62 L.Ed.2d 238
(1979).
Here, the facts available to Sergeant Norton when he came to investigate would warrant a man of reasonable caution in the belief that the action taken was appropriate. Norton had a rational suspicion that the defendant was engaged in some type of criminal activity because the store employee was accusing the defendant of shoplifting. Thus, Norton had a particularized and objective basis for suspecting the defendant of criminal activity.
Here, the facts that Sergeant Norton observed a knife scabbard on the defendant's side and that the defendant was "rowdy" and intoxicated justified the frisk or pat down of the defendant for weapons. Oliver v. State, 385 So.2d 69
(Ala.Cr.App. 1980); Travis v. State, 381 So.2d 97
(Ala.Cr.App.), cert. denied, Ex parte Travis, 381 So.2d 102
(Ala. 1979); Campbell v. State, 354 So.2d 325 (Ala.Cr.App. 1977); Herrin v. State, 349 So.2d 103 (Ala.Cr.App.), cert. denied, Ex parte Herrin, 349 So.2d 110 (Ala. 1977).
Here Sergeant Norton felt a hard object in the defendant's back pocket and reasonably suspected that it might have been a weapon. Under other circumstances, the fact that an officer has observed a bulge in the defendant's clothing has justified a frisk for the officer's safety. McNamara v. State,357 So.2d 410 (Fla. 1978); Neely v. State, 402 So.2d 477 (Fla.App. 1981);Brown v. State, 358 So.2d 596 (Fla.App. 1978).
Our review of the totality of the circumstances convinces us that Sergeant Norton acted in a reasonable manner and was justified in frisking the defendant. Upon finding that the suspected weapon was actually marijuana, Sergeant Norton had probable cause to arrest the defendant for unlawful possession.Butler v. State, 380 So.2d 381 (Ala.Cr.App. 1980).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 175