LEIGH M. CLARK, Retired Circuit Judge.
A jury found this appellant guilty on a trial under an indictment charging that he “did, unlawfully possess Marijuana, a controlled substance as listed in the Alabama Uniform Controlled Substances Act of 1971, subsequent to the passage of said Act, in violation of Section 20-2-70 of the Code of Alabama.”
In the brief of counsel for appellant, the following are the issues presented for review:
“I. THE STATE’S FAILURE TO ADDUCE EVIDENCE THAT THE SUBSTANCE INVOLVED WAS MARIJUANA REQUIRES REVERSAL “II. THE CIRCUMSTANCES OF THE ‘INVESTIGATION’ AND APPELLANT’S ARREST REQUIRE REVERSAL.”
We now consider the issues in the order of their presentation in appellant’s brief.
T
At the conclusion of the testimony of Officer Clarence Bolte, the State rested its case. Thereupon, the court excused the jury from the courtroom and in its absence from the courtroom, the following occurred:
“MR. SALTER [Defendant’s Attorney]: May it please the Court, at this time the Defendant, Billy Van Hastings, moves to dismiss the charge against him on the basis there is no prima facie case been proven. Further move to exclude the state’s evidence as well as renew the motion to suppress previously brought to the Court’s attention; and particularly bring to the Court’s attention at this time in relation to the motion to dismiss, there is absolutely no evidence in front of the jury that what is in those bags is marijuana. There has been no stipulation entered into evidence, no evidence offered by the state, and is completely a failure to prove that bag is marijuana.
“MR. DUKE [State’s attorney]: It’s on record that Mr. Salter agreed that it be stipulated for the record, my understanding, the jury be charged to that effect.
“MR. SALTER: There is no evidence that is before the jury at this time. As it stands at this juncture, there is no evidence before the jury that has been brought into the form of evidence. The Court can charge them that’s marijuana. There has been no stipulation entered, for the Court to make that kind of charge. It appears to be somewhat of a procedural omission on the state’s part; but nonetheless, that is the state of the evidence at this time and we would object to them trying to either reopen the case or to otherwise offer it. They have rested their case.
“THE COURT: My recollection is on hearing of the motion to suppress, I inquired of the defense counsel whether or not the stipulation that it was, in fact, marijuana extended only to the motion or to the case in chief and my recollection is it extended to both.
“MR. SALTER: It does, Your Honor. We have no problem doing that, but that is not before the jury. There is no evidence before them. There should be no further evidence to it at this point. I think its a procedural matter and I don’t think it can be corrected at this time.
“MR. DUKE: We would ask that the state reopen for the purpose of the Judge instructing the jury it has been stipulated that’s marijuana to correct, if there is any procedural mistake.
“MR. SALTER: Of course, we would object to that.
“THE COURT: Well, if I instruct them, I will do it at the end of the case. Anything further?
“MR. SALTER: Other than renew the motion to dismiss on the grounds previously stated to the Court during the mo *316 tion to suppress hearing; that is, the connection between the police authorities and how the marijuana actually came to be in this courtroom, and our position that it is the marijuana of Tim Little through the conduit of Casey Brown. There was no precautions taken and things that have been argued to the Court.
“THE COURT: Your motions are overruled.”
In our opinion, the attorney for defendant-appellee was mistaken on the trial and is mistaken on appeal as to the effect of a stipulation made in open court between the parties, which is clearly and succinctly set forth by Judge Bowen, now Presiding Judge Bowen, in Spradley v. State, Ala.Cr.App., 414 So.2d 170, 172 (1982):
“A stipulation is a judicial admission, and, as such, it prevents the party who makes it from introducing evidence to dispute it, and relieves a proponent from the necessity of producing evidence to establish facts admitted therein. Moore v. Humphrey, 247 N.C. 423, 101 S.E.2d 460, 467 (1958). A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof. Ritch Realtors, Inc. v. Kinard, 45 N.C.App. 545, 263 S.E.2d 38, 39 (1980).”
During the presentation of the testimony by the State prior to its resting its case the substance that was found in the possession of defendant was referred to time and again as “marijuana” without any objection by defendant and without any motion by defendant to exclude such evidence.
Appellant’s first issue is without merit.
II.
In the first paragraph of the argument in the brief of appellant’s attorney as to Issue II, it is stated:
“Appellant is mindful that the argument here advanced is unusual, but it is directed by the nature of the facts below. The police were not relying on a credible individual in supplying information leading to Appellant’s arrest. On the contrary, they were working hand-in-hand with one Tim Littles, a recent arrestee on drug charges. By defense pressure and the courage of Casey Brown, Appellant clearly established that he was not only being ‘set up’ in a generic sense, but Tim Littles, then an ‘agent’ of the police, provided the very marijuana for which Appellant was arrested.”
Appellant’s attorney proceeds therefrom to make an interesting and able argument to the effect that defendant was entrapped into the commission of the alleged crime, which argument would be more comprehensively considered by us but for the fact that two separate portions of marijuana were involved at the time and place of the alleged crime and the verdict of the jury and the judgment rendered thereon were based exclusively on that part of the marijuana found on the person of defendant, not on any of the marijuana as to which the defense of entrapment was applicable, which involved a much larger amount of marijuana than the marijuana on the person of defendant, which was exclusively in his possession. The verdict of the jury was as follows:
“We the jury, find defendant guilty of possession of marijuana for personal use only.”
The court sentenced the defendant to imprisonment in the Jackson County Jail for six months and assessed a “fine of $500.00 and costs.” During the sentencing hearing, the trial judge said:
“I have reviewed the evidence in this case, and in my judgment, the jury verdict prohibits me from making any connection between you and the two-pound bags of marijuana. I have reviewed your testimony and the evidence with regard to the two smaller bags [those on defendant’s person exclusively] of marijuana and I have reviewed a sentencing report.”
We refrain from expressing any definite conclusion as to the merits of a large part of appellant’s argument in criticism of the *317 conduct of law enforcement authorities that led to the arrest of defendant and the prosecution of the felony case against him, which is not pertinent to his conviction of the misdemeanor of possession for his personal use only of marijuana that had no connection with a large portion of marijuana to which the issue of entrapment was exclusively applicable. Whatever merit such argument would have if appellant had been convicted of possessing the larger of the two portions of marijuana involved, it is without merit on this appeal from the judgment convicting him of possession of the smaller portion only.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.