HARRIS, Judge.
Appellant was twice indicted by the Tuscaloosa County Grand Jury on February 4, 1983, for robbery of two individuals at a convenience store. The State moved for a consolidation of appellant’s two cases, and the appellant orally consented. On February 22, 1983, the appellant waived arraignment and entered a plea of not guilty.
The action was tried before Circuit Court Judge John M. Karrh on May 17, 1983. The jury found the appellant guilty of robbery in the first degree on each indictment. After a sentencing hearing was held, the trial judge sentenced the appellant to life imprisonment. This appeal followed.
A review of the facts reveal that Debena Shelby, Clerk of the Zippy Mart on Skyland Boulevard in Tuscaloosa, Alabama, was robbed by three black males on January 2, 1983 in the early morning hours. The store clerk testified that a black male entered the store and selected some cookies for purchase. However, when she opened the cash drawer, the male jumped the counter and, while armed with a pistol, unloaded the contents of the drawer into a pillow case. It was at this time that she realized that there was another person in the store. The second robber wore a red and dark blue mask and later held a gun to Ms. Shelby’s head. At some point during the ordeal, the robbers took Ms. Shelby’s purse. Mr. Joe Perkins, Jr., then entered the store with blood all over his face. He had been hit over the head by a third robber and his wallet had been taken. Ms. Shelby and Mr. Perkins were both ordered to the back of the store, and, after some discussion among themselves, the robbers left the scene. Ms. Shelby then called the police and informed the dispatcher that she had been robbed by three black males. She also told the dispatcher that one of the robbers wore a black leather jacket.'
Patrol Officers Charles Sewell and Ken Jones heard the dispatch about the three black male robbers. The dispatch also stated that the males were armed with handguns and that one of them was wearing a black leather jacket. Shortly after receiving the radio transmission, the officers noticed a yellow Chevrolet Vega automobile *1332 with three black males in it and decided to follow it. As the officers approached the vehicle, it slowed down. The officers decided to stop the car for a check. The driver of the Vega rolled down his window after the stop. Officer Sewell was able to see that the man in the back seat was wearing a black leather jacket. It was at this point that the officers drew their guns arid ordered the occupants of the car to exit and place their hands on top of the car. Simultaneously, there was more information on the dispatch radio about the clothing of the robbers.
The suspects were then searched and handcuffed and a search of their automobile was conducted. The search produced Ms. Shelby’s purse, three handguns, Mr. Perkins’s wallet, cash, a ski mask, and two toboggans. These items, plus the clothing that the suspects were wearing at the time of the apprehension, were all introduced into evidence at appellant’s trial.
The sole issue before us on appeal is whether the trial court erred in not granting the appellant’s motion for dismissal of the indictment due to lack of probable cause for the search of the automobile in which the appellant was a passenger the night of the robbery.
In certain situations, investigatory stops of individuals on the street and of vehicles travelling on the highway system may be made under circumstances not measuring up to the traditional standard of probable cause. In Alabama, the legislature adopted a statute encompassing the doctrine of investigatory stops. Section 15-5-30, Code of Alabama, 1975, reads:
“A sheriff or other officer acting as sheriff, his deputy or any constable, acting within their respective counties, any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county or any highway patrolman or state trooper may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his name, address and an explanation of his actions.”
Johnson v. State, 406 So.2d 446 (Ala.Crim.App.1981), is very similar in facts to the case at bar. There, the law enforcement officer received a radio dispatch regarding a robbery at a convenience store and giving the location of the store. Shortly thereafter, the officers began travelling in the direction of the store and, before reaching the store, noticed a vehicle proceeding very slowly in a direction away from the store. Several people nearby were pointing in the direction the automobile was traveling. The officer stopped the car and later testified at the trial of one of the suspects that his intent in stopping the car was “to check this car out to see if they could be the robbery suspects.” Johnson, supra. After approaching thé car, but pri- or to searching the occupants, the officer noticed a pistol in plain view| lying on the rear floorboard. The suspects were then ordered from the car, the car was searched and the fruits of the robbery found.
The officers in the present case were justified in stopping the suspicious car travelling in the direction away from the crime, in order to investigate any possible criminal actions or to just! maintain the status quo for a moment. It was only after they had stopped the car that they noticed that one of the occupants was wearing a black leather jacket. The information at this point in time available to the officers both from the radio dispatch and from their own observations justified the officers’ intrusion into the appellant’s activities. See Walton v. State, 461 So.2d 894 (Ala.Crim.App.1984); Spradley v. State, 414 So.2d 170, (Ala.Crim.App.1982); Racine v. State, 51 Ala.App. 484, 286 So.2d 890 (1973).
In the instant case, the investigatory stop of the automobile in which the appellant was a passenger, along with the observations by the police officers of one occupant’s black leather jacket, which was in *1333 “plain view,” supported the officers’ further intrusion into the driver’s and passengers’ privacy. All the items secured by the officers from their search of the suspects’ automobile were found pursuant to a valid warrantless search. Therefore, the search of the automobile was proper arid lawfully executed.
We have carefully searched the record for errors injurious to the appellant’s sus-tantial rights and have found none. Therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.