TYSON, Judge.
Freddie Walker was charged by indictment with two offenses. In the first case, he was charged with burglary in the second degree and in the second case he was charged with the unlawful distribution of a controlled substance. The unlawful distribution of a controlled substance was within a three-mile radius of a public school. The appellant initially entered a not guilty plea to each offense.
After consultation with counsel, Walker appeared in open court and withdrew his youthful offender application and also withdrew his not guilty plea as to each case.
This record discloses a full and complete Boykin v. Alabama colloquy, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and in addition thereto, there was a full explanation of range of punishment as required by the Supreme Court of Alabama in its opinion in Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973). Walker indicated in the record that he fully understood his rights under both of the above cases and that these rights had been fully explained to him not only by his attorney but also by the judge in open court. He pleaded guilty and was convicted.
The trial court then proceeded to sentence Walker in the burglary case for one year and a day for the burglary of a building from which certain items were taken. These items included a dishwasher, a pair of hand trucks, an aluminum ladder, a refrigerator, and a bottle of freon. Certain of these items were located by police in the Walker’s possession.
*1263 The district attorney brought out that Walker had prior convictions and that the district attorney’s office was proceeding under the Habitual Felony Offender Act. Specifically, the district attorney’s office brought out that he had two prior felonies. Because of this, he was then sentenced in the burglary case to one year and one day in prison and ordered to pay a $500 fine. The court also ordered that he pay costs of court and pay $50 to the Victims Compensation Fund.
The appellant’s counsel then contested the application of § 13A-12-250, Code of Alabama 1975, to the sentence to be imposed in the unlawful sale of drugs. The basis of this was a written motion and, in addition thereto, Walker’s counsel twice made an oral motion indicating that the use of this statute to Walker, a 32-year-old black male, was a denial of equal protection of law under the United States Constitution and also the Constitution of the State of Alabama.
The district attorney then argued that a very recent opinion of the appellate courts had decided this issue contrary to the appellant’s contention. Specifically, both the appellant and the appellee cite this court to the recent opinion of Harrison v. State, 560 So.2d 1124 (Ala.Crim.App.1989).
This court has held that the enhancement statute does not violate the principle of equal protection. See Harrison (one-mile radius); Braxton v. State, 574 So.2d 1043 (Ala.Crim.App.1990) (three-mile radius). It was stipulated in the record (R. 14-16) that the sale of drugs in the instant case took place on January 12, 1990, to an undercover Hartford police officer working with the Dothan Police Department and that it took place within three miles of the Highlands Elementary School in Dothan, specifically .6 to .7 mile from that school.
The trial court then stated that, under the enhancement statute, it was going to sentence Walker to 15 years, fine him an additional $500, and order him to pay restitution to the Dothan Police Department in the amount of $20 and to pay all costs of court. The minimum 15-year sentence was imposed.
After carefully looking over this record, this court is of the opinion that the question of equal protection of law was properly presented both by oral and written motion to the trial court and is therefore present and properly preserved on this appeal. The issue, however, is decided adversely to this appellant. Harrison, Brax-ton.
The appellant’s counsel states in his brief that he knows of no issue other than the equal protection of law question and submits the appeal for decision based upon this question. However, the State points out in its brief that under § 13A-12-250, Code of Alabama 1975, the appellant’s sentence was due to be enhanced by an additional five-year sentence under this statute.
Due return shall be filed within 30 days from date of this opinion showing new sentence.
For the reasons stated, this cause is affirmed, but it is remanded for the imposition of the additional five-year sentence pursuant to § 13A-12-250, Code of Alabama 1975, as amended.
REMANDED WITH INSTRUCTIONS FOR THE IMPOSITION OF ADDITIONAL SENTENCE.
All the Judges concur.