The appellant, Juanda Madden, was convicted on two counts of unlawfully distributing a controlled substance, marijuana, in violation of § 13A-12-211, Code of Alabama 1975. She received two consecutive sentences of 12 year's imprisonment, which has been enhanced pursuant to §§ 13A-12-250 and -270, Code of Alabama 1975.
The evidence tended to show that on June 15 and June 21, 1990, Robert Chambers, an undercover narcotics agent, purchased marijuana from the appellant outside her home in Gadsden, Alabama. Chambers identified the appellant in court as the person from whom he had purchased the marijuana. Chambers testified that on each occasion he had purchased $20 worth of marijuana from the appellant. Each time he received two foil packets that contained the marijuana. After each buy, he put the foil packets in an envelope, which he marked and sealed.
Ronald Hubbard, a criminalist with the Alabama Department of Forensic Sciences in Jacksonville, Alabama, tested the material in the foil packets and concluded that the substance was marijuana.
 I
The appellant argues on appeal that the jury venire did not reflect a representative cross-section of the community, and that the trial court erred in denying her motion to strike the venire and to assemble a new venire. She contends that this underrepresentation violated Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which held that black veniremembers cannot be struck from a black defendant's jury because of their race. Batson, however, is not applicable to this case because there were no blacks stricken from the venire. Here, only 1 of the 28 members of the venire was black, and that member served on the jury.
The Sixth Amendment to the United States Constitution requires that "petit juries must be drawn from a source fairly representative of the community." Taylor v. Louisiana,419 U.S. 522, 538, 95 S.Ct. 692, 702, 42 L.Ed.2d 690 (1975). In order to establish a prima facie violation of the fair cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which the juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury selection process. Duren v. Missouri, *Page 1084 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).
The appellant failed to present any evidence to the circuit court that the representation of blacks on the venire was not fair and reasonable in relation to the number of blacks in Etowah County or that there had been a systematic exclusion of blacks from the jury selection process in Etowah County. Thus, the appellant did not establish a prima facie violation of the fair cross-section requirement. The circuit court did not err in denying the appellant's motion to strike the venire and assemble a new venire.
 II
The appellant argues that the court erred in denying his motion for a judgment of acquittal at the end of the State's case. Specifically she contends that there was insufficient evidence to support the jury's verdict.
Section 13A-12-211, Code of Alabama 1975, provides, in pertinent part, that "[a] person commits the crime of unlawful distribution of controlled substances if . . . he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance. . . ."
 "In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution."
Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985).
Agent Chambers's testimony that he purchased marijuana from the appellant on two occasions was sufficient to support the jury's verdict. Based upon the evidence presented by the State, the circuit court did not err in denying the appellant's motion for judgment of acquittal.
 III
Last, the appellant argues that §§ 13A-12-250 and 13A-12-270, which provide for the enhancement of sentences resulting from convictions for drug sales near schools and housing projects, are "wrong and unconstitutional." The appellant, however, made no objections to the circuit court concerning the enhancement of her sentences or the constitutionality of these statutes.
"This court has long held that the raising of a constitutional issue at trial is a prerequisite to this court's consideration of the issue." Lane v. State, 564 So.2d 90, 94
(Ala.Cr.App. 1990). Thus, the appellant failed to preserve these issues for appellate review.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.