TAYLOR, Judge,
dissenting.
I dissent from the majority’s decision to remand this case to the Circuit Court for Jefferson County for review of the appellant’s claims concerning the performance of his trial and appellate counsel. As the majority states, the issues concerning the ineffective performance of his trial counsel were not preserved for appellate review. Ex parte Jackson, 598 So.2d 895 (Ala.1992); Madden v. State, 624 So.2d 1082 (Ala.Cr.App.1993); Hudgins v. State, 615 So.2d 1297 (Ala.Cr.App.1993); Trawick v. State, 431 So.2d 574 (Ala.Cr.App.1983). Further, ineffective performance of appellate counsel is not a matter to be addressed on direct appeal. This issue is correctly raised in a post-conviction petition filed pursuant to Rule 32, Ala.R.Crim.P.
Although this case presents a unique fact situation, I do not believe it is necessary to make such an exception to ordinary appellate procedure when the appellant has an available remedy. The remedy for the appellant lies in a petition for post-conviction relief.