COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17,1995.
The appellant, David Lynn Hawkins, was convicted of driving under the influence of alcohol, a violation of § 32-5A-191(a)(2), Code of Alabama 1975, and was sentenced to one year in the county jail and was ordered to pay fines and costs.
Because we are reversing the appellant’s conviction, we need address only two issues presented in the appellant’s brief.
I
The appellant contends that the Town of Moody failed to prove a prima facie case of driving under the influence of alcohol because, he says, the town failed to introduce its ordinance adopting § 32-5A-191 into evidence. Specifically, the appellant argues that, although he stipulated to the ordinance, the Town of Moody must still introduce the ordinance into evidence in order to prove all elements of the charge against him.
Just before the first witness was called to testify, the following occurred in open court:
“The Court: Bill, [prosecutor] call your first witness.
“Mr. Weathington (prosecutor): Judge, at this time we offer the city’s adopting ordinance.
“Mr. Quick [defense]: Could I have one second?
“The Court: Sure.
“Mr. Quick: We will stipulate, Your Hon- or.
“The Court: Okay. The ordinance having been stipulated call your first witness.”
(R. 4). It is well settled that in a prosecution for the violation of a municipal ordinance, the municipality must properly authenticate the ordinance and introduce it into evidence; otherwise it cannot make a prima facie case for the violation. Maxwell v. City of Mobile, 439 So.2d 714 (Ala.Crim.App.), reversed on other grounds, 439 So.2d 715 (Ala.1983). See also Baird v. Town of Ashville, 492 So.2d 1029 (Ala.Crim.App.1986); Prather v. City of Hoover, 585 So.2d 257 (Ala.Crim.App.1991); Truman v. City of Enterprise, 606 So.2d 1151 (Ala.Crim.App.1992). There are also cases in which the judgment of the trial court was reversed although the defendant had stipulated to the ordinance’s authenticity, when the municipality still failed to introduce the ordinance. See e.g., Hanson v. City of Trussville, 539 So.2d 1082 (Ala.Crim.App. 1988); Ex parte Woodson, 578 So.2d 1049 (Ala.1991).
The appellant argues that, despite his stipulation to the ordinance, the Town of Moody’s failure to introduce it is fatal. We disagree. The in-court exchange quoted above makes it clear that the appellant stipulated to the ordinance itself, not just to its authenticity.
“ ‘A stipulation is a judicial admission, and, as such, it prevents the party who makes it from introducing evidence to dispute it, and relieves a proponent from the necessity of producing evidence to establish facts admitted therein. Moore v. Humphrey, 247 N.C. 423, 101 S.E.2d 460, 467 (1958). A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof. Ritch Realtors, Inc. v. Ki-nard, 45 N.C.App. 545, 263 S.E.2d 38, 39 (1980).’ ”
Hastings v. State, 460 So.2d 314, 316 (Ala. Crim.App.1984), quoting Spradley v. State, 414 So.2d 170, 172 (AIa.Crim.App.1982). In Hanson and Woodson, the defendant made it clear that he was stipulating only to the authenticity of the ordinance. In this ease, there was no such limitation to the appel *139 lant’s stipulation; therefore, the Town of Moody was relieved of the burden of “pleading and proving” the ordinance as ordinarily required by those cases cited above.
II
The appellant argues that the trial court erred in giving additional instructions to the jury outside the presence of his counsel. The record shows that the trial judge submitted the case to the jury on the afternoon of April 21, 1994. After some deliberation, the jury asked to be reinstructed on driving under the influence of alcohol, and the judge repeated his instructions. When the jury could not reach a verdict by late afternoon, the trial judge recessed until 8:30 the next morning. The record further shows that at 8:35 a.m. on April 22, with neither defense counsel nor the prosecution present, and not in response to any question from the jury, the trial judge again instructed the jury on driving under the influence of alcohol.
“The Court: This is hard on y’all too, but after leaving here yesterday, I sat down with the question which you gave to me yesterday afternoon. And I want to give you a little bit further instruction on that question because I think it is hard to make things clear, and at the same time follow the law. But when you get a question like that, many times you answer just as quickly as you can and the answer probably makes things worse. I hate to admit it, but sometimes that happens.
“Let me go back to the question, though, that you asked yesterday and instruct you further as to the applicable law. Here we go. On the occasion which is the subject of the complaint in this case, on that occasion, if you are convinced beyond a reasonable doubt that the defendant was driving the car, and that the weight of alcohol in his blood was .10 or more at the time, then you must find him guilty of driving under the influence of alcohol.
“The Town of Moody is not required to also prove that he was incapable of safely driving his vehicle. And I think that is the—that is the answer to the question. And I’m going to leave it at that and I am going to instruct you at this time. I thought since you were having a hard time that I just really hadn’t done, or said it as well as it could be said. It is not necessary to prove both. You can prove it either way.
“So with that instruction, you may retire again to the jury room and deliberate your verdict....”
(R. 141-42.) Rule 22.2, Ala.R.Crim.P., states:
“After the jurors have retired to consider their verdict, if they request to have any testimony repeated, or if they or any party requests additional instructions, the court may recall the jurors to the courtroom and order the testimony read or give appropriate additional instructions. The court may also order other testimony read or give other instructions, so as not give undue prominence to the particular testimony or instructions requested. Such testimony may be read or such instructions given only after notice to the parties.”
There is no indication in the record that the parties were given any notice that the trial court was going to reinstruct the jury on the morning of April 22. Such reinstruction should have occurred in open court and in the presence of the parties and counsel. Webb v. State, 539 So.2d 343, 351 (Ala.Crim.App.1987); Johnson v. State, 100 Ala. 55, 14 So. 627, 629 (1894).
While the trial judge was justifiably disturbed that the parties and counsel were not present at the time he had set to begin, other means were available to properly discipline them. See, e.g., Rule 33, Ala.R.Crim. P.; § 12-1-8(3), Code of Alabama 1975. Any disciplinary action must not violate the defendant’s constitutional rights.
The Sixth Amendment to the United States Constitution guarantees a defendant’s right to counsel—that right includes the presence of counsel at every critical stage of a criminal prosecution that might result in imprisonment. Berry v. State, 630 So.2d 127, 129 (Ala.Crim.App.1993). A critical stage is any stage where a substantial right of an accused may be affected. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Berry v. State. The fact that the *140 jury returned with a guilty verdict after the judge’s final reinstruetion underscores its importance to the appellant. By reinstructing the jury out of the presence of the appellant’s counsel, the trial court committed error.
Therefore, we reverse the appellant’s conviction and remand this cause for a new trial.
REVERSED AND REMANDED.
All the Judges concur.