The appellant, Edward Timon Gardner, was convicted of two counts of unlawful distribution *Page 165 
of marijuana, a violation of § 13A-12-211, Ala. Code 1975. He was sentenced as a habitual offender to 25 years in prison on each count, the sentences to run concurrently. He was also sentenced to 10 additional years on each count pursuant to the enhancement provisions of §§ 13A-12-250 and 13A-12-270, Ala. Code 1975, which provide an additional five years' enhancement if the sale occurs within a three-mile radius of a schoolyard or a housing project, respectively.
The state presented evidence that the appellant sold marijuana to an undercover agent with the Alabama Alcoholic Beverage Control Board narcotics unit in Anniston on June 17, 1993, and again on June 22, 1993.
 I.
The appellant contends that his sentences were improperly enhanced by the application of §§ 13A-12-250 and 13A-12-270, Ala. Code 1975, because, he says, the state failed to present any evidence at the sentencing hearing that the sales occurred within a three-mile radius of a school campus or within a three-mile radius of a public housing project.
The record reflects, and the appellant acknowledges, that at the sentencing hearing the appellant's trial counsel stipulated that the two sales for which the appellant was convicted did, in fact, take place within three miles of a school campus and a public housing project. (R. 227-28.) However, on appeal, the appellant contends that this stipulation could not suffice as evidence for purposes of the application of §§ 13A-12-250 and13A-12-270. The appellant's argument is not well taken.
 "A stipulation is a judicial admission, and, as such, it prevents the party who makes it from introducing evidence to dispute it, and relieves a proponent from the necessity of producing evidence to establish facts admitted therein. Moore v. Humphrey, 247 N.C. 423, 101 S.E.2d 460, 467 (1958). A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof. Ritch Realtors, Inc. v. Kinard, 45 N.C. App. 545, 263 S.E.2d 38, 39
(1980)."
Spradley v. State, 414 So.2d 170, 172 (Ala.Cr.App. 1982).
This court has found stipulations in the record that the sale of the controlled substance occurred within three miles of a school to be sufficient proof to invoke the enhancement provisions of the "schoolyard statute" in other cases. SeeCunny v. State, 629 So.2d 697 (Ala.Cr.App. 1993); Walker v.State, 581 So.2d 1262, 1263 (Ala.Cr.App.), aff'd on remand,587 So.2d 1288 (Ala.Cr.App. 1991). Accordingly, we conclude that the stipulation in this case was evidence sufficient to establish that the sales took place within three miles of a school campus and a public housing project.
 II.
The appellant also argues that the enhancement provisions of §§ 13A-12-250 and 13A-12-270 fall afoul of the Equal Protection Clause because, he says, they are more likely to be used to punish "urban dwellers" than residents of rural areas, because, he says, there are typically more schools and public housing projects in urban areas than in other, less congested, areas. The appellant also appears to argue that the emphasis in the statutes upon the actual distance of the site of the sale from a school or housing project, rather than the accessibility of the site of the sale to a school or housing project, is arbitrary. Although the appellant challenged the application of the enhancement provisions at his sentencing hearing and in a motion for new trial, his challenge then was on the ground that the statutes were being unconstitutionally applied in his case because, he claimed, it was the legislature's intent that the provisions of § 13A-12-250 be applied only to sales taking place during school hours, and that the provisions of §13A-12-270 be applied only to sales that occur within a public housing project. The appellant argued that the enhancement provisions would not apply to the sales for which he was convicted because the evidence indicated that they did not take place during schools hours and did not take place within the actual boundaries of a housing project. The appellant does not pursue these arguments on appeal, but instead raises *Page 166 
new challenges to the enhancement statutes.
The claims raised by the appellant at trial are contrary to the plain language of the enhancement statutes as well as to the controlling case law, see, e.g., Qualls v. State,555 So.2d 1158, 1165 (Ala.Cr.App. 1989); we will not address the claims that are raised by the appellant on appeal, because they are being raised for the first time. Therefore, they are not preserved for review. Madden v. State, 624 So.2d 1082
(Ala.Cr.App. 1993).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.