On December 14, 1999, the appellant, Michael Lee Williams, was found guilty after a jury trial of attempting to elude a police officer, a violation of § 32-5A-193, Ala. Code 1975; and driving while his driver's license was revoked, a violation of §32-6-19, Ala. Code 1975. For the attempting-to-elude conviction, the trial court sentenced Williams to serve 180 days' imprisonment in the Baldwin County jail and imposed a $500.00 fine and ordered Williams to pay court costs. For the conviction for driving while his license was revoked, the trial court sentenced Williams to six months' imprisonment in the Baldwin County jail and imposed a $500.00 fine and ordered him to pay court costs. The sentences were to be served consecutively. This appeal follows.
 I.
Williams contends that the trial court erred in instructing the jury that the offense of attempting to elude a police officer, as set out in § 32-5A-193, Ala. Code 1975, includes not only attempting to elude while in a vehicle but also attempting to elude on foot.
This Court has previously held that "[a]n indictment can not be amended to charge an offense that was not encompassed in the original indictment." Hall v. State, 655 So.2d 51, 52
(Ala.Cr.App. 1995). "`"The trial court has a mandatory duty of instructing the jury orally as to the different and distinguishing elements of the offense charged." Davidson v. State, 360 So.2d 728,730 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala. 1978).'"Ash v. State, [Ms. CR-98-2451, December 30, 1999] ___ So.2d ___, ___ (Ala.Cr.App. 1999). In addition, this Court has previously held that: *Page 505 
 "[T]he accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled."
House v. State, 380 So.2d 940, 942-43 (Ala.Cr.App. 1979).
At the close of the trial, the trial court instructed the jury:
 "As to eluding a police officer; any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop or otherwise flees or attempts to elude a pursuing police vehicle when given a visible signal and audible signal to bring that vehicle to a stop shall be guilty of that offense.
". . . .
 "As to eluding a police officer, if you're satisfied beyond a reasonable doubt that the State has proven the material allegations contained in that count, then in that event the form of your verdict would be: `We, the Jury, find the Defendant guilty of attempting to elude as charged in the indictment.'
 "If, however, you are not satisfied beyond a reasonable doubt that the State has proven the material allegations contained in that count, then in that event the form of you verdict would be: `We, the Jury, find the Defendant not guilty.'"
(R. 73, 79-80.)
After the jury began its deliberations, the jury asked the trial court the following question:
 "Does the attempt to elude include fleeing on foot? Is this just a charge of eluding in the vehicle?"
(C.R. 57.)
In response to the jury's question, the following occurred:
 "THE COURT: It says `[a]ny driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, [or] who otherwise flees or attempts to elude a pursuing police vehicle.' I guess, you can do it on foot.
 "[Defense counsel]: He wasn't running from a police vehicle on foot.
 "THE COURT: Does the attempting to elude include fleeing on foot if this is just a charge of eluding the vehicle?
"It includes on the foot, too. Get back there.
"(Jury returns to the jury room)
"[Defense counsel]: Judge, for the record we object to that.
"THE COURT: Okay.
 "[Defense counsel]: I think from the reading the statute that does not encompass running unless he was running from a vehicle. I think the evidence is uncontroverted he was running from people not a car and —
 "THE COURT: When the car pulled up there he was barrelling out.
 "[Defense counsel]: I think it could be relevant towards an intent."
(R. 83-84.)
The issue before this Court is whether the offense of fleeing or attempting to elude a police officer, a violation of §32-5A-193(a), Ala. Code 1975, includes as an alternative method of proof, the driver's actions once he has abandoned his vehicle.
 "Under the established rules of statutory construction, the words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and the court is bound to interpret the plain language to mean exactly what it says."
Sims v. State, 733 So.2d 926, 930 (Ala.Cr.App. 1998).
Initially, we note that § 32-5A-193, Ala. Code 1975, is found in Title 32, the "Rules of the Road" portion of the Alabama Code, under Article 9, "Serious Traffic Offenses." The Legislature's intent in enacting this statute was to punish the drivers of motor vehicles who committed certain acts or *Page 506 
failed to do certain acts while driving their vehicles.
Section 32-5A-193(a), Ala. Code 1975, states:
"Fleeing or attempting to elude police officer.
 "(a) Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren."
(Emphasis added.)
An examination of the sentence structure in the statute is helpful. The subject of the sentence is "driver." The relative clauses "who willfully fails or refuses to bring his vehicle to a stop" and "who otherwise flees or attempts to elude a pursuing police vehicle" modify "driver"; a "driver" is defined at §32-1-1.1(14) as one who "drives or is in actual physical control of a vehicle." Thus, the plain language of § 32-5A-193 indicates that the offense of eluding an officer occurs while the "driver" is driving the vehicle. Once a "driver" ceases to drive, he is no longer driving, and the offense of fleeing or attempting to elude a police officer has been completed. Any subsequent actions by the person, when he is not driving his vehicle, may constitute other offenses or may, as here, be considered as evidence indicating consciousness of guilt. See Ex parte Jones, 541 So.2d 1052
(Ala. 1989). Thus, from the plain language of the statute, we conclude that a person cannot be convicted under § 13A-5-193, Ala. Code 1975, for conduct that occurred when he is not a "driver" of a vehicle.
In the present case, the trial court's additional instruction effectively added an alternative method of proof to the offense charged in the indictment. The trial court expanded the method of proving the offense to include acts of a person who is not a "driver." Thus, the jury could have found Williams guilty of attempting to elude a police officer based solely on his actions once he ceased being a "driver."
While the record indicates that the state presented ample evidence from which the jury could find Williams guilty of attempting to elude a police officer, evidence of Williams's fleeing on foot did not establish the charged offense. Evidence that Williams fled on foot was properly admitted as evidence of flight for the jury's consideration as indicating a consciousness of guilt; however, it was improper for the jury to consider this evidence as alternative proof of the charged offense.
The state urges this Court to conclude that any error in the instruction was harmless because, it says, the erroneous instruction was only a small segment of the trial court's entire oral charge and Williams has not been prejudiced.
Rule 45, Ala.R.App.P., provides:
 "No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
In this situation, this Court cannot conclude that the erroneous instruction did not probably injuriously affect the substantial rights of Williams; the erroneous instruction was directed to a specific question asked by the jury. While the state is correct that an inadvertent error that does not cause prejudice is not reversible error, we conclude that, because the trial court's instruction was in response to a question from the jury and because the trial court's *Page 507 
instruction effectively created an alternative method of proof upon which the jury could find Williams guilty, the error was not harmless.
The trial court's jury instruction improperly amended the indictment; expanded the scope of § 32-5A-193, Ala. Code 1975, to include acts beyond the intent of the Legislature; and permitted the jury to find Williams guilty for acts not a part of the charged offense. Williams's substantial rights were unduly prejudiced. Therefore, Williams's conviction for attempting to elude an officer is hereby reversed and the case remanded for proceedings consistent with this opinion.
 II.
Williams claims that there was insufficient evidence to sustain his conviction for driving while his license was revoked. Specifically, Williams claims that "there was no evidence that [his] license was revoked on the date in question. . . ." (Williams's brief to this Court at p. 9.)
In a pretrial hearing, Williams moved to suppress a certified copy of his driving record that the state intended to use to establish that, on the day of his arrest his driver's license was revoked. The trial court denied Williams's motion. At that point, Williams stipulated that his driver's license was revoked on the day in question. (R. 13.)
 "`A stipulation is a judicial admission, and, as such, it prevents the party who makes it from introducing evidence to dispute it, and relieves a proponent from the necessity of producing evidence to establish facts admitted therein. Moore v. Humphrey, 247 N.C. 423, 101 S.E.2d 460, 467 (1958). A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof. Ritch Realtors, Inc. v. Kinard, 45 N.C. App. 545, 263 S.E.2d 38, 39 (1980).'"
Gardner v. State, 668 So.2d 164, 165 (Ala.Cr.App. 1995).
Because Williams stipulated that he was driving on the day in question while his driver's license was revoked, the evidence was sufficient for a reasonable jury to find him guilty.
Williams's conviction for attempting to elude a police officer is hereby reversed and that case is remanded for proceedings consistent with this opinion; his conviction and sentence for driving while his driver's license was revoked are hereby affirmed.
AFFIRMED AS TO CONVICTION FOR DRIVING WHILE LICENSE WAS REVOKED; REVERSED AND REMANDED AS TO CONVICTION FOR ATTEMPTING TO ELUDE A POLICE OFFICER.
Long, P.J., and McMillan and Cobb, JJ., concur; Baschab, J., concurs in result.